Moore v. Moore.

---

No. 25,875.

Louise Moore, *Appellee*, v. George W. Moore, *Appellant.*

SYLLABUS BY THE COURT.

Divorce—*Alimony—Final Decree—Operation and Effect.* The amount of alimony adjudged to be paid by the final decree in a divorce proceeding is the final measure of liability for alimony.

Appeal from Wyandotte district court, division No. 1; Edward L. Fischer, judge. Opinion filed December 5, 1925. Affirmed in part and reversed in part.

*David F. Carson,* of Kansas City, for the appellant.
*Thomas H. Finigan,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a divorce proceeding. The defendant has appealed from a judgment of contempt for noncompliance with the order of the court as to the payment of alimony and an order requiring him to deliver to the plaintiff a certain piano. In the decree granting the divorce the plaintiff was awarded permanent alimony in the sum of $3,000, to be paid $100 per month, the deferred payment to bear interest at the rate of six per cent per annum; and it was also decreed that the defendant should deliver to her a certain piano, and other specific items of household goods, not now in controversy. At the hearing of the accusation for contempt there was a controversy as to the amount of alimony which had been paid. There had been no judgment of the court requiring the payment of temporary alimony, but it appears there had been some agreement between the parties or their counsel by which defendant was to pay the plaintiff certain specified sums pending the determination and final decree in the case. After the final decree was rendered the

Divorce, 19 C. J. § 674; 1 R. C. L. 941.

Moore v. Moore.

plaintiff credited some of the payments made by the defendant upon what plaintiff claimed was a balance due upon temporary alimony. Defendant objects to this, and contends that since there was no judgment of the court fixing any sum to be paid as temporary alimony, the final decree fixed the full amount defendant was adjudged to pay plaintiff, and that all of the payments made after the decree of the divorce was granted should be applied upon the $3,000 mentioned in the final decree. This contention is correct; the final decree fixed the full measure of defendant's liability from that date. At the hearing defendant asked to take credit for all payments made since the date of the final decree upon the $3,000 item, and offered to pay into court the balance then due with the interest thereon to the date of the hearing. This should have been allowed.

As to the piano, defendant contended that he had sold the piano, hence that he could not return it, and offered to agree upon the appointment of appraisers to determine its value and to pay the value so found into court for the plaintiff. Upon that matter the court found that the appellant had placed this piano in the possession of his sister, and that he could get it and turn it over to the plaintiff, and adjudged him to be in contempt for his failure and refusal to do so. This is a finding upon a controverted question of fact, which this court will not disturb.

The judgment of the court below will be reversed in so far as it pertains to the sum due upon permanent alimony, with directions to credit defendant with all payments made since September 20, 1921, upon the $3,000 permanent alimony and interest, mentioned in the decree, to find the balance due thereon, direct its prompt payment, and if not paid, to issue proper commitment; and is affirmed in so far as it pertains to the delivery of the piano to plaintiff.