No. 32,514

FRANK W. DRURY, *Appellant*, v. LEOTA DRURY, *Appellee*.

(53 P. 2d 792)

Opinion filed January 25, 1936.

*Morris H. Cundiff,* of Wichita, for the appellant.
*D. W. Eaton,* of Wichita, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an appeal by a divorced husband from various orders and rulings of the trial court involving the sale of his real estate under a general execution issued on behalf of his former wife.

The husband had originally brought an action for divorce. His wife filed an answer and cross petition for divorce and alimony. She obtained the divorce and an award of alimony in the sum of $1,000. A $50 allowance was also made to her attorneys. These amounts were made first and prior liens on specific real estate of

the husband. All other real estate of the husband was set aside to him as his sole and separate property, free and clear from any right, title or interest on the part of the wife.

The defendant in that action then undertook to enforce her lien, and pursuant to order of sale the lots were sold for $750. Defendant was the purchaser. The lots were mortgaged; the costs which defendant would be obliged to pay were $150. She had no money, she could not borrow money, and she could not make her bid good. The sheriff made return of no sale.

The case was here on a former appeal. That appeal involved the question of the authority of the trial court to modify the original judgment after the expiration of the term at which it was rendered so as to transfer the alimony lien from one piece of property to another. This authority was denied. (*Drury v. Drury*, 141 Kan. 511, 41 P. 2d 1032.)

While the above appeal was pending the wife filed praecipe for execution. The writ was levied upon certain real estate of her former husband, other than that on which her judgment was made a lien, and on property which was specifically set aside as his sole and separate property, free and clear from any right, title or interest on her part. The former wife, appellee, bought the property at sheriff's sale. Appellant filed motion to set aside the sale on the ground the sale was contrary to the judgment of the trial court, and on the ground the execution and sale were insufficient as a matter of law and contrary to law. The sale was confirmed, other orders were made and appeal perfected from each of them.

Appellant listed eleven specifications of error, but has summarized them under three main questions. Each of them and appellee's contention in answer thereto have received consideration. One of them was decided in principle on the former appeal. We shall refer to it later. In the view we take of the case a determination of one of the issues is decisive of this appeal. The issue is, Can a party to a divorce action in which alimony and property rights of the parties are finally and permanently adjudicated, sell under execution property which was specifically set aside to one spouse as his sole and separate property, free and clear of any right, title or interest of the other, to satisfy an award of alimony for which a lien was fastened only on other specific property? The answer must be in the negative. To hold otherwise would render the decree a nullity. It would completely destroy that portion of the judgment which

sets aside certain property to the husband as his sole and separate property. To uphold the execution sale would emasculate that portion of the judgment which declared this property to be that of the husband, free and clear from any right, title or interest of the wife. Under provisions of the judgment the award of alimony was impressed with a lien only on certain specified property. Appellee cannot transcend the restrictions and limitations of that judgment. The intent to limit appellee to certain property is clearly disclosed by the judgment. Had the intent been otherwise a lien could and would have been impressed on other of appellant's property also.

Upon a dissolution of the marriage relation the court winds up its affairs. It settles the property rights of the parties. (R. S. 60-1511.) It retains jurisdiction to change orders relating to the custody, control and education of children, if such there are. (R. S. 60-1510.) Jurisdiction to modify the judgment as to interest in property is not retained. In commenting on that precise subject, this court, in the case of *Conway v. Conway*, 130 Kan. 848, 288 Pac. 566, said:

"No such power was granted with respect to settlement of property interests, and the omission is tantamount to express denial." (p. 851.)

In the early case of *Chapman v. Chapman*, 48 Kan. 636, 29 Pac. 1071, the principle was stated as follows:

"The effect of the divorce obtained by plaintiff from John B. Chapman was to exclude her from any interest in his property, not specially mentioned, reserved or provided for in the decree of divorce." (p. 638.)

In the case of *Scott v. Scott*, 80 Kan. 489, 103 Pac. 1005, the wife obtained a judgment for alimony. The judgment provided, "that she have no right in the real estate set out in the petition." The wife had an execution issue against his real estate on the theory the alimony judgment constituted a lien on his property. This court said:

"In the language of the decree above quoted there is nothing to indicate an intention to give the wife a lien upon the husband's land. The words, 'that she have no right in the real estate set out in the petition,' have a contrary tendency." (p. 491.)

In the same case it was further said:

"The court is thus given absolute control of the matter. It may, within reasonable limits, dispose of the husband's property as it sees fit. It may take from him anything he has and give it to the wife. And this necessarily implies that it may create a lien for her benefit upon any real estate he possesses. (*Blankenship v. Blankenship*, 19 Kan. 159.) *Obviously it also has the power*

*to free any particular tract from all lien, so as to enable the husband to pass a title clear of any claim on the part of the wife."* (Italics inserted.) (p. 490.)

In the instant case the property in question was specifically set aside to appellant as his sole and separate property, free and clear of any right, title or interest on the part of appellee.

In the case of *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409, the rule was stated thus:

"The substance of the judgment concerning property rights or permanent alimony cannot be subsequently tampered with under color of such reserved jurisdiction. (*Booth v. Booth,* 114 Kan. 377, 219 Pac. 513.)" (p. 289.)

Appellee insists a judgment for permanent alimony is a final judgment, enforceable as any other judgment for debt, and therefore any of the husband's property was subject to sale on execution to satisfy the alimony judgment. The decisions in *Bassett v. Waters,* 103 Kan. 853, 176 Pac. 663, and *Stoner v. Stoner,* 134 Kan. 356, 5 P. 2d 847, are relied upon as conclusive authority for the sale under general execution. The facts in neither of them are analogous to those in the instant case, and those decisions are not applicable to the case at bar. In the Bassett case there were no property rights involved in the decree of divorce. The alimony judgment was for a specified total sum, to be paid in installments. This court said:

"Whatever the rule may be in other states, judgments for alimony in the form and character of the one under consideration are final and conclusive, subject to assignment, and, *in the absence of a reservation therein,* may be enforced as ordinary judgments for debt are enforced." (Italics inserted.) (p. 855.)

In the instant case the property in question was specifically reserved to the husband, and hence the wife could not enforce her judgment against it as ordinary judgments for debt are enforced.

In the Stoner case it was specifically decreed that the balance of the alimony award in the sum of $1,625 should be a lien on the real estate owned by the husband.

Appellee seriously urges the equity in the property on which she was granted a lien is of insufficient value to enable her to collect her alimony judgment and that such result was never contemplated. That condition is, of course, unfortunate. Neither the trial court nor we can alter or modify the judgment now. If there was error in the original judgment the remedy was by appeal. To uphold the execution sale would nullify the express provisions of the judgment which set aside to appellant this particular property, free and

clear from any right, title or interest of appellee. The motion to set aside the sale should have been sustained. We need therefore not consider the question of proper period of redemption.

In the judgment of confirmation the trial court modified the original judgment by extending the period during which appellee could remain in possession of the property in question from thirty days, as provided by the original judgment, until so long as the alimony judgment remained unpaid. This modification was decreed after the expiration of the term at which the original judgment was rendered. The judgment modifying the former decree was without authority. (*Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032.) It follows appellant is entitled to possession of the property.

The judgment is reversed.