No. 33,153

John H. Riley, Executor of the Estate of Michael Lutz, Deceased, *Appellee*, v. (F. L. Riederer et al., *Defendants*) J. E. Hayes, Receiver, *Appellant*.

(61 P. 2d 106)

Opinion filed October 10, 1936.

*E. R. Sloan*, of Topeka, for the appellant.
*M. A. Bender*, of Holton, for the appellee.

The opinion of the court was delivered by

Wedell, J.: The sole question presented by this appeal is whether plaintiff, appellee, is entitled to judgment for a preferred claim.

The parties involved in the appeal are John R. Riley, executor of the estate of Michael Lutz, deceased, plaintiff, and J. E. Hayes, receiver of the First National Bank of Holton, defendant. Judgment was for plaintiff, and defendant appeals, contending appellee is entitled to judgment for only a common claim.

Two trials are involved. In the first action it was the contention of appellee the bank had wrongfully taken possession of certain securities which belonged to appellee, made collection thereon and retained the proceeds. Judgment was rendered on June 7, 1934. It recited the allegations against appellant were true and that appellant was indebted to appellee in the sum of $2,000. Appellee's pleadings, in the original action, contained no allegation, and the judgment

contained no finding, that the claim constituted a trust fund nor that the amount or any part thereof had augmented the assets of the bank which passed into the hands of the receiver. From this first judgment no appeal was taken. On February 14, 1936, appellee commenced proceedings in aid of execution. Appellant answered, alleging the trial court had no jurisdiction of the subject matter of the citation and that the funds were in the hands of the treasurer of the United States, subject to the order of the comptroller of the currency, and that appellee had been advised the comptroller would pay the judgment in accordance with its terms as a common claim, upon the filing of a certified copy of the judgment with the receiver, but that appellee had refused to file such claim. On May 28, 1936, almost two years after the rendition of the previous judgment and long after the term of court had expired, at which the judgment of indebtedness had been rendered, the trial court modified the former judgment and declared the indebtedness to be not a common claim but a preferred claim.

We deem it unnecessary to pass on appellant's contention that the trial court had no jurisdiction to enter an order directing the payment of funds in the hands of the treasurer of the United States. On June 7, 1934, the date of the original judgment, the trial court had jurisdiction to adjudicate the status of the claim. It rendered a naked judgment decreeing an indebtedness of $2,000. No judgment for a preference was rendered. No appeal was taken from that judgment. After the term at which the judgment was rendered, this judgment was not only binding on the parties, but on the trial court as well. (*Rennolds v. Guthrie,* 103 Kan. 829, 177 Pac. 359; *J. B. Colt Co. v. Clark,* 125 Kan. 722, 266 Pac. 41; *Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032; *Drury v. Drury,* 143 Kan. 83, 53 P. 2d 792.) There are statutory exceptions to the rule that an order or judgment cannot be vacated or modified after the term at which it is rendered, but this judgment does not fall in any excepted class. (R. S. 60-3007; *J. B. Colt Co. v. Clark,* supra.)

It therefore follows the judgment decreeing a preference must be reversed. It is so ordered.