No. 33,188

LOUISE GOLTL BIGLER et al., *Appellees,* v. HERMAN GOLTL, Administrator, and SUSIE GOLTL, *Appellants.*

(64 P. 2d 39)

January 23, 1937.                                                                  Opinion filed

*J. P. Noble,* of Oberlin, and *J. H. Briney,* of Atwood, for the appellants.
*Forest W. Brown* and *C. A. P. Falconer,* both of Atwood, for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal arises from proceedings had in an action to partition real estate.

In the petition, which contained six causes of action, it was alleged that Joe Goltl, known also as Joseph Goltl, died intestate on December 19, 1933, owning certain described real estate consisting of 360 acres of farm land and two lots in the city of Herndon, all in Rawlins county, Kansas; that he left as his only heirs, his wife, Susie Goltl, defendant, and his children, Louise Goltl Bigler, Ida Goltl Kendrick, Lydia Goltl Springer, the plaintiffs, and Henry Goltl, Herman Goltl and Ernest Goltl, defendants. The husbands and wives of the married children were also made parties plaintiff or defendant, as the case may be. Other defendants will be mentioned.

The first cause of action contained the allegations from which

the above summary was made, alleged the interests of the various heirs of Joe Goltl; that they were tenants in common and that plaintiffs desired partition. Each subsequent cause of action made as part thereof the allegations of the previous cause or causes of action.

The second cause of action was that defendant Fleckenstein claimed a lien on the involved real estate by reason of a judgment against defendant Henry Goltl and should be required to come into court and set it out.

The third cause of action was that defendant State Bank of Herndon claimed a mortgage lien on a part of the real estate which it should be required to set out.

The fourth cause of action was that defendant Gunn claimed some lien or interest in the real estate by reason of a certain pending suit, and should be required to set out her claims.

The fifth cause of action was that defendant Paul Weishapl was duly appointed as administrator of the estate of Joe Goltl by the probate court of Rawlins county and was so acting; that several claims against the estate had been filed in the probate court, which had not been paid, and he should be compelled to come into court and set out said claims and they should be ordered paid out of the proceeds derived from the real estate.

The sixth cause of action was that defendants Henry Goltl, Herman Goltl and their wives were in possession of a certain part of the real estate, and claimed a right of possession.

The prayer was for partition of the real estate according to the respective interests of the parties, or if partition could not be made, for sale thereof and division of the proceeds according to the rights of the parties after payment of costs and payment of established liens.

The defendant Weishapl, as administrator, answered, setting up the claims filed against the estate of Joe Goltl; that he had paid certain of them and it would require $500 to complete administration of the estate. He prayed that that amount be ordered paid to him for that purpose. The defendant State Bank of Herndon filed its answer and cross petition, setting up its mortgage made by Joe Goltl and Susie Goltl on one quarter section of the land. It also alleged a written order made by Susie Goltl directing that out of the sale of the real estate certain notes, and interest on Joe Goltl's obligations, totaling $91.15, be paid. The defendant Fleckenstein an-

swered, setting up his judgment lien against the interest of defendant Henry Goltl, subject to the mortgage lien of the above-named bank. The defendant Susie Goltl answered, admitting the allegations of the petition except that she denied that defendants Henry Goltl and Herman Goltl claimed adversely to her, and alleged that they held certain of the real estate under an oral lease for the year 1936.

The abstract contains no statement of any evidence, and apparently on trial there was no dispute of fact. On March 10, 1936, the trial court, after making appropriate findings, including one that defendant Gunn disclaimed any interest in the real estate, rendered judgment in favor of defendant State Bank of Herndon on its mortgage on one quarter section, and directed that it be satisfied from the proceeds of sale; that the several plaintiffs and defendants were the owners of specified interests in all of the real estate, subject to the liens of other parties set out in the judgment; that defendant Weishapl, as administrator, recover the sum of $500; that defendant state bank recover against defendant Susie Goltl the sum of $107 (being on the written order heretofore mentioned); that defendant Fleckenstein recover $172.50, same to be a lien on the interest of defendant Henry Goltl, and that Henry Goltl and Herman Goltl and their wives have a lease on certain real estate, which expires September 1, 1936. Three appraisers were appointed to partition the real estate if same could be done without manifest injury, etc., otherwise to separately value and appraise the real estate and make report within ten days.

It is here noted that all of the above proceedings were had at the November, 1935, term of the Rawlins county district court. This term was adjourned March 16, 1936.

Acting under the above order, on March 18, 1936, the appraisers filed their report valuing the various tracts of land.

Before proceeding with the subsequent proceedings, we call attention to the fact that no motion for a new trial was ever filed, within three days or otherwise, nor were any objections ever made to the report of the appraisers.

On April 16, 1936, Herman Goltl filed a motion stating that Joe Goltl died December 19, 1933, leaving a last will and testament which was duly admitted to probate in Rawlins county probate court on April 7, 1936, and that he had been appointed administrator with the will annexed and requesting that as such adminis-

trator he be made a party defendant and that he desired to file a pleading in the nature of a plea in abatement and an objection to the sale of the real estate. Thereafter a pleading designated as "Answer" was filed by him, alleging that on March 28, 1936, a petition was filed in the probate court of Rawlins county to admit to probate the will of Joe Goltl, deceased; that the same was set for hearing, was heard, and the will admitted. Copies of various records of the probate court and of the will were attached as exhibits. The prayer was that the plaintiffs be denied the relief asked and the action abated. We note the will was a joint will of Joe Goltl and his wife, Susie Goltl, and that under the terms the survivor took a life estate in the property of both, and upon the death of the survivor, farm lands were specifically devised in separate tracts to Henry, Herman and Ernest Goltl, who were to pay their four sisters the sum of $4,500 to be divided among them. The town property was to be sold and the proceeds divided among the children.

Susie Goltl was given permission and filed an answer and plea in abatement alleging the admission to probate of Joe Goltl's will; that it was in full force and by reason thereof she was the owner of a life estate in all the real estate, and that by reason of the will the plaintiffs had no right, title or ownership in the real estate or any part thereof and had no ownership when the action was commenced and had no right for judgment partitioning the real estate or any part thereof. She prayed that the judgment and orders heretofore made be set aside and the action abated.

To Susie Goltl's being permitted to file the last answer, plaintiffs had filed objections in which the history of the litigation was reviewed, and in which it was stated the entire matter presented had already been adjudicated. Later the State Bank of Herndon filed a demurrer to both of the above answers on the grounds they did not state facts sufficient to constitute a defense to the bank's cross petition nor for abatement and dismissal of the action as to the bank. The plaintiffs filed a general demurrer to the answer of the administrator with the will annexed, and also a demurrer to the answer of Susie Goltl. Briefly, the grounds were that the judgment of March 10, 1936, was by agreement of all parties; that the term of court at which it was rendered had expired; that Susie Goltl was estopped by reason of having consented to the judgment of March 10, 1936, and not objecting to the report of the appraisers when that report was approved by the court on April 16, 1936, and that all

matters had been adjudicated and were *res judicata*. The trial court sustained these demurrers, and Herman Goltl, as administrator, and Susie Goltl appeal. The plaintiffs, the bank and Fleckenstein have a cross-appeal based on the trial court's permitting the filing of the answers subsequent to March 10, 1936. In the above statement we have not noticed some motions and orders covering matters not essential to this appeal.

Before discussing appellants' contentions as presented in their brief, we again call attention to the fact no motion for a new trial was filed within three days after the judgment of partition was rendered on March 10, 1936. On March 16, 1936, the term of court was adjourned. Thereafter no petition for a new trial was filed under R. S. 60-3005, if it be assumed any grounds existed under that section. The term of court having expired, the district court was without power to vacate or modify its judgment theretofore made, unless by reason of one of the nine grounds specified in R. S. 60-3007. It is not contended by appellants they have filed any pleadings or have alleged any facts bringing them within the provisions of that statute. In this state of the record, the trial court concluded the two answers stated no grounds for relief and sustained the demurrers. In this we believe it was correct for, after the term had expired at which the judgment was rendered, the judgment was not only binding upon the parties, but the court itself was without power, except as statutory grounds under R. S. 60-3007 were shown, to vacate or modify the judgment of March 10, 1936. (See *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884; *Thornton v. Van Horn,* 140 Kan. 568, 37 P. 2d 1015; *Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032; 143 Kan. 83, 53 P. 2d 792; *Riley v. Riederer,* 144 Kan. 422, 61 P. 2d 106.)

The above conclusion forecloses appellants' right for relief, but we shall notice appellants' specific complaints briefly.

It is contended the trial court did not have jurisdiction of the subject matter of the action; that the judgment is void and may therefore be attacked at any time (R. S. 60-3009). This contention is based on the claim that because of the subsequently probated will of Joe Goltl, plaintiffs were not the owners of the real estate. If the conclusion might otherwise avail, it cannot help here. The plaintiffs' petition alleged that Joe Goltl died intestate owning certain real estate belonging to certain of the plaintiffs and defendants in specified shares. Susie Goltl filed her answer admitting both the

intestacy and the ownership. The lands involved were in Rawlins county, where the court was sitting, and the owners thereof, if not all resident in the county, were all before the court. Those things of themselves show the action was properly before a court of competent jurisdiction. We need not discuss why Susie Goltl, who certainly knew of the will, for she was a joint maker, had not previously offered it for probate, nor why she elected to keep silent when she should have spoken. But if she had a good defense on account of it, it should have been made at the trial and not long after the judgment had become final. (*Iliff v. Arnott*, 31 Kan. 672, 674, 3 Pac. 525.)

It is also contended the trial court erred in directing payment of any amount to Weishapl as administrator of the Joe Goltl estate, it being contended the probate court had jurisdiction. It is true the probate court has jurisdiction and that it must pass upon all demands made against the estate and order distribution of assets among creditors and heirs. Apparently, when the order of March 10, 1936, was made, all were agreed that it would require an additional $500 in the hands of the administrator to settle the father's estate in the probate court. Were this not forthcoming, under the law an order for sale of real estate would have to be made in the probate court. The parties by their agreement in the district court provided against this contingency. Whether it could have been done over objection need not be considered. What was done was not in any sense an administration of Joe Goltl's estate by the district court. Its order merely provided that out of the proceeds of sale of Joe Goltl's lands a portion be paid to his administrator to close his estate. If the order was irregular, it was not prejudicially erroneous.

It is also contended the trial court should not have determined the lien claims of Fleckenstein and State Bank of Herndon and ordered them paid. The contention is not good. Under the civil code pertaining to partition, it is provided in R. S. 60-2103:

"Creditors having a specific or general lien upon all or any portion of the property may be made parties."

It is claimed that the court should not have rendered judgment against Susie Goltl in favor of the State Bank of Herndon on its second cause of action. In view of the fact that it is undisputed she gave her written direction to this effect, and consented to the judgment when rendered, she cannot now be heard.

And finally, it is argued that a will of Joe Goltl having been admitted to probate, it relates back to the time of the testator's death, and under it plaintiffs never had any ownership. To reiterate what has been said, plaintiffs alleged the ownership and interests of the respective parties in certain real estate belonging to them as heirs of their father who died intestate. Notwithstanding Susie Goltl now desires to claim under a will, of which she was a joint maker, she filed her original answer admitting the intestacy of her late hsuband, and the possession and interests of his heirs, and a judgment was rendered thereon which she permitted to become final.

We shall not comment on the will, nor on its legal sufficiency, because it was witnessed by two beneficiaries, but we must take note of the fact that it was a joint will, that Susie Goltl was one of the makers, and that at no place in the pleadings or record is there any attempt to show why she did not know all about this will during all of the time from the day the original petition was filed until she attempted to assert rights under it. She is in no position to assert error. The other parties who might be affected have not appealed.

Under the circumstances, it is not necessary we notice the cross-appeal.

The judgment of the trial court is affirmed.