No. 33,725
No. 32,514

Frank W. Drury, *Appellant*, v. Leota Drury, *Appellee*.

(75 P. 2d 213)

Opinion filed January 29, 1938.

*Morris H. Cundiff,* of Wichita, for the appellant.
*D. W. Eaton,* of Wichita, for the appellee.

The opinion of the court was delivered by

Allen, J.: Case No. 33,725 is an appeal from an order of the trial court refusing a writ of possession of real estate in execution of the judgment in the cause. This is the fourth appearance of this case in this court. For convenience of reference the cases are given their appeal numbers: No. 32,101, *Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032; No. 32,514, *Drury v. Drury,* 143 Kan. 83, 53 P. 2d 792; No. 33,139, *Drury v. Drury,* 145 Kan. 116, 64 P. 2d 53.

The controversy arose out of the divorce suit of *Frank W. Drury v. Leota Drury,* which was tried April 11, 1933. The journal entry in that case reads as follows:

"The above cause comes on for hearing on its assignment this 11th day of April, 1933, the same being one of the regular days of the April term of court;

plaintiff appearing in person and by his attorney, Morris H. Cundiff; defendant appearing in person and by her attorneys, Ebright & Smith.

"Whereupon the parties announce themselves ready for trial. The plaintiff introduces his evidence and rests. The defendant introduces her evidence on her cross petition and rests.

"The court, after hearing the evidence of the plaintiff and defendant and argument of counsel, finds that the defendant should be granted an absolute decree of divorce from the plaintiff on her cross petition.

"The court further finds that the plaintiff was at the time of his marriage to this defendant and is at this time the owner of the following-described real estate situated in Sedgwick county, Kansas, to wit:

"Lot 114 and the south 17 feet of lot 112 on Market street in English's seventh addition to the city of Wichita;

"Lot 14 and the south 15 feet of lot 12 in Koenig's addition to the city of Wichita, located on South Lawrence avenue;

"Lots 18 and 20 on Carrie street, now Holyoke avenue, in Rawlins and Bridwell subdivision of lots 5 and 6 in block 2 of Grandview addition.

"That the plaintiff is the owner of certain household furniture and fixtures located in the house and property known and described as 1819 South Market street. That the plaintiff is the owner of one certain Hudson sedan automobile and one certain Chevrolet motor truck. That all of the above-described property should be and remain the sole and separate property of the plaintiff.

"The court further finds that the defendant should have and recover from the plaintiff as permanent alimony the sum of $1,000 and an additional amount of $50 for the use and benefit of her attorneys in the prosecution of this case; said amount of $1,050 payable forthwith. That said allowance of $1,000 for alimony and $50 attorney's fees should be decreed to be a first and prior lien against the plaintiff's property described as:

"Lots 18 and 20 on Carrie street, now Holyoke avenue, in Rawlins and Bridwell subdivision of lots 5 and 6 in block 2 of Grandview addition to the city of Wichita, Sedgwick county, Kansas.

"That the defendant should have and retain as her personal property all of her personal effects and all of her own personal property, whether acquired before or after marriage.

"It is therefore by the court considered, ordered and adjudged that the marital relations heretofore existing between the plaintiff and defendant be and the same are hereby canceled, set aside and held for naught, and the defendant is hereby granted an absolute decree of divorce from said plaintiff. That said decree of divorce shall not become absolute nor take effect until the expiration of six months from date hereof.

"It is further ordered, adjudged and decreed that the defendant be and she is hereby given judgment against the plaintiff in the amount of $1,000 as permanent alimony. That said judgment in the amount of $1,000 be and the same is hereby decreed to be a first and prior lien against the following-described property located in Wichita, Sedgwick county, Kansas:

"Lots 18 and 20 on Carrie street, now Holyoke avenue, in Rawlins and Bridwell subdivision of lots 5 and 6 in block 2 of Grandview addition to the city of Wichita, Sedgwick county, Kansas,

for which let execution and order of sale issue.

"It is further ordered, adjudged and decreed that the defendant be and she is hereby given judgment against the plaintiff in the further sum of $50, payable to defendant's attorneys of record, as attorney's fees, and for the costs of this action. That said judgment in the amount of $50 be and it is hereby declared to be a first and prior lien against the above-described property; for which let execution and order of sale issue.

"It is further considered, ordered and adjudged that the following-described real and personal property be and it is hereby decreed to be the sole and separate property of the plaintiff, free and clear from any right, title and interest on the part of the defendant:

"Lot 114 and the south 17 feet of lot 112 on Market street in English's seventh addition to the city of Wichita;

"Lot 14 and the south 15 feet of lot 12 in Koenig's addition to the city of Wichita, located on South Lawrence avenue; all in Wichita, Sedgwick county, Kansas. All household furniture owned by plaintiff prior to this marriage; one Hudson sedan automobile; one Chevrolet motor truck.

"It is further considered, ordered and adjudged that the following-described real estate be and the same is hereby decreed to be the sole and separate property of the plaintiff, subject, however, to the lien for alimony and attorney's fees as above set out:

"Lots 18 and 20 on Carrie street, now Holyoke avenue, in Rawlins and Bridwell subdivision of lots 5 and 6 in block 2 of Grandview addition to the city of Wichita, Sedgwick county, Kansas.

"It is further considered, ordered and adjudged that each the plaintiff and defendant be decreed to be the owner of any and all personal property acquired separately by either prior or after their said marriage.

"It is further ordered, adjudged and decreed that the plaintiff be and he is hereby given a stay of execution on said judgment for a period of thirty days from April 11, 1933.

"It is further ordered that the defendant be and she is hereby given the use and occupancy of the premises known as 1819 South Market street for a period of thirty days from April 11, 1933, and at the expiration of thirty days it is ordered and decreed that she vacate said premises and deliver possession of the same together with the plaintiff's household furniture located therein to said plaintiff.

"It is further ordered, adjudged and decreed that all prior orders for temporary alimony or attorney fees in this action are hereby merged in this judgment and plaintiff is relieved from the payment of any and all sums except as herein set out.      Ross McCormick, *Judge.*

"O. K.    Morris H. Cundiff, Attorney for Plaintiff.

"O. K.    Ebright & Smith, by P. K. Smith, Attorneys for Defendant."

The journal entry thus shows the parties appeared in person and by counsel, and that the journal entry was duly approved by counsel and by the court. It further appears that the property rights of the parties were settled and definitely determined. The defendant was given permanent alimony in the sum of $1,000, and an additional amount of $50 for her attorneys. It was decreed that

the allowance so made was to be a first and prior lien on the Holyoke avenue property. A stay of execution for a period of thirty days was allowed on this judgment.

The judgment further provided that the defendant should have the use and occupancy of the Market street property for a period of thirty days from April 11, 1933, and *"at the expiration of thirty days, it is ordered and decreed that she vacate said premises and deliver possession of the same together with the plaintiff's household furniture located therein to said plaintiff."* (Italics inserted.)

The judgment further provided that "the following-described real and personal property be and *it is hereby decreed to be the sole and separate property of the plaintiff, free and clear from any right, title and interest on the part of the defendant."* (Italics inserted.)

The decree thus carefully formulated and agreed to by the parties and their respective counsel, must measure and determine the rights of the litigants.

The defendant undertook to enforce her lien on the Holyoke avenue property. At the sheriff's sale the property was bid in by the defendant, but she failed to make good her bid. The sheriff made a return of no sale.

After the expiration of the term of court at which the judgment was rendered the defendant attempted to modify the judgment by transferring the lien of the judgment from the Holyoke property to the Market street property. The order of the trial court directing such transfer was held void. (Appeal No. 32,101, *Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032.)

While appeal No. 32,101 was pending, the wife filed praecipe for execution. The writ was levied upon certain real estate of her former husband, other than that on which her judgment was made a lien, and on property which was specifically set aside as his sole and separate property, free and clear from any right, title or interest on her part. The former wife, appellee, bought the property at sheriff's sale. Appellant filed a motion to set aside the sale on the grounds the sale was contrary to the judgment of the trial court, and that the execution and sale were insufficient as a matter of law and contrary to law. The sale was confirmed, other orders were made and appeal perfected from each of them.

The regularity of these proceedings came before this court in appeal No. 32,514, *Drury v. Drury,* 143 Kan. 83, 53 P. 2d 792.

The order appealed from in that case stated:

"Said defendant has the right to remain in such possession so long as the judgment entered herein in favor of the defendant and against plaintiff remains unpaid."

This ruling was set aside by this court:

"In the judgment of confirmation the trial court modified the original judgment by extending the period during which appellee could remain in possession of the property in question from thirty days, as provided by the original judgment, until so long as the alimony judgment remained unpaid. This modification was decreed after the expiration of the term at which the original judgment was rendered. The judgment modifying the former decree was without authority. (*Drury v. Drury*, 141 Kan. 511, 41 P. 2d 1032.)" (p. 87.)

Following that decision the defendant filed a motion in the district court for a *nunc pro tunc* order to correct the journal entry of April 11, 1933. The trial court found that by reason of inadvertence and irregularity in the preparation of the journal entry the same did not correctly recite or show the judgment actually rendered, and the judgment was corrected accordingly. In appeal No. 33,139, *Drury v. Drury*, 145 Kan. 116, 64 P. 2d 53, the order of the trial court was set aside and the original judgment was upheld.

The decisions and mandates of this court on these appeals were filed in the trial court.

On May 15, 1937, plaintiff filed his application with the trial court for an order directing the clerk to issue a writ of possession to the plaintiff for the Market street property in execution of the judgment in accordance with the decisions and mandates.

On June 8, 1937, this application came on for hearing and thereupon defendant asked that the court deny the application for possession unless and until defendant's aforesaid alimony judgment was paid and unless and until plaintiff paid to the defendant certain sums which she claimed to have paid on taxes and improvements pending the appeals herein. The matter was argued and briefs submitted, and thereafter and as of June 24, 1937, the trial judge entered his rulings and order from which this appeal was taken, wherein and whereby he refused to execute plaintiff's judgment for possession except on the following conditions, to wit:

1. Unless and until defendant's judgment for alimony, attorney fees and costs were paid by plaintiff; and

2. Unless and until defendant's claim for taxes paid in purported amount of $494.88 were paid to defendant, and

3. Unless and until defendant's claim for improvements made during these appeals in amount of $125 were paid to defendant.

From that ruling and order this appeal was taken.

As shown above the judgment of April 11, 1933, gave the defendant the use and occupancy of the Market street property for thirty days from that date, "and at the expiration of thirty days, it is ordered and decreed that she vacate said premises and deliver possession" of the same to the plaintiff.

The integrity of the original judgment has been sustained in the three appeals above noted. In appeal No. 32,514, *Drury v. Drury,* 143 Kan. 83, 53 P. 2d 792, we expressly held that the plaintiff was entitled to possession of the Market street property, and the mandate directed that he be placed in possession of the property. In disregard of this mandate, the journal entry recites:

"That the motion of the plaintiff herein for a writ of possession be and the same is hereby denied, unless and until the said plaintiff shall fully perform said judgment by full payment of the judgment against him contained herein, aggregating on June 8, 1937, the sum of $1,311.98 . . . and the further payment by the plaintiff to the defendant of the said sum of $52.30, accrued costs."

In substance, this ruling is identical with the order appealed from in appeal No. 32,514, which stated that the defendant was in possession and had "the right to remain in such possession so long as the judgment entered herein in favor of the defendant, and against the plaintiff, remains unpaid."

The mandate of this court directed that possession of the property in question be given the plaintiff. In the former case, as in this case, the trial court modified the order by requiring that before the order of possession be complied with, the plaintiff should pay certain sums of money to the defendant. In making such modification the trial court was in error.

In *Duffitt & Ramsey v. Crozier,* 30 Kan. 150, 1 Pac. 69, a mandate was sent to the trial court directing that judgment be entered in favor of the plaintiff. The parties presented the mandate to the court and requested the court to render judgment in accordance therewith. Pending this, motion was made by the defendant asking leave to introduce further evidence, and for further findings in the case. Over objection, new testimony, outside the issues, was introduced, and thereupon the court found the defendant was entitled to possession. In sustaining an application for a peremptory writ of mandamus to compel the trial judge to enter judgment in accordance with the mandate, it was said:

"When a case is heard upon proceedings in error in this court, and the merits of the case are passed upon and the judgment of the inferior court reversed with direction for the entering of a judgment, the case is not to be retried by the trial court upon the old facts; nor is the defeated party permitted to introduce other facts which ought and might have been presented upon the original trial. . . . Where cases are decided by this court upon the facts found by the trial court, and the judgment of the inferior court is reversed, and a mandate sent to that court to render judgment upon the findings for the defendant, and no new or additional facts are presented, within the rule stated the duty is cast upon the court below to carry out the direction of the mandate. If the district court, under such circumstances, does not carry the judgment into execution according to the mandate, a mandamus will issue from this court ordering the mandate to be obeyed." (p. 153.)

In *Watson v. Watson*, 110 Kan. 326, 203 Pac. 714, the appeal was to test legality of proceedings in the district court subsequent to receipt of the mandate. In the opinion it was said:

"All the decisions of this court relating to what the district court may do and must do on receipt of a mandate, are cited in the briefs. It is not necessary to review them, because there can be no dispute about these rules: A litigant may not defend against a claim on one ground and, when finally defeated, renew the litigation by proposing another ground. In such a case, adjudication in favor of the claim adjudicates everything which might have been urged against the claim in whole or in part. These rules constitute limitations on authority of a district court to entertain supplementary proceedings after receiving a mandate directing entry of a specified judgment." (p. 333.)

See, also, *Stroud v. Sinclair Refining Co.*, 145 Kan. 214, 64 P. 2d 1256; *Beloit Bldg. Co. v. Quinn*, 145 Kan. 507, 66 P. 2d 549; 5 C. J. S., § 1966.

The very object of instituting courts of justice is that litigation should be decided, and decided finally. Human life is not long enough to allow matters once disposed of to be brought under discussion again. The maxim that there must be an end to litigation was dictated by wisdom and is sanctified by age. (2 Freeman on Judgments [5th ed.] §§ 625, 626.)

In *Alexander v. Clarkson*, 100 Kan. 294, 297, 164 Pac. 294, it was said:

"There are two important ends in view on every lawsuit: the first is that it be decided *right;* and the second, which is only less important than the first, is that it be *decided.*"

See, also, *Gibson v. Enright*, 140 Kan. 700, 704, 37 P. 2d 1017.

It is not denied that the original judgment in this case gave the Market street property to the plaintiff "free and clear from any

right, title and interest on the part of the defendant." It is not denied that it was there decreed that at the end of thirty days the defendant "vacate said premises and deliver possession of the same" to the plaintiff. It is admitted that the defendant had a fair trial—that she was present in court in person and by counsel when the judgment was entered, and that the judgment became final and conclusive on the termination of the term at which the judgment was rendered.

We have carefully considered the arguments advanced by counsel for defendant, as to compensation alleged to be due defendant for improvements made and taxes paid. In the view we take it is unnecessary to discuss these questions. As stated, the original judgment was rendered April 11, 1933. The judgment directed the defendant to vacate the premises and deliver possession to the plaintiff at the expiration of thirty days from that date.

The defendant has, since May 11, 1933, refused to deliver possession as directed by the judgment of the court. Whether she may recover for improvements made or taxes paid in another action where those issues are presented we will not now hazard an opinion. Those questions are not now before this court.

The ruling of the trial court in refusing a writ of possession is reversed and the cause remanded with directions to issue a writ of possession on behalf of the plaintiff.

Case No. 32,514 is a companion to case No. 33,725, *Drury v. Drury*, just decided. This appeal is from the orders and rulings of the trial court refusing to set aside a sheriff's sale of real estate made under an execution issued in this cause.

As shown by the original judgment set out in case No. 33,725 the defendant was allowed $1,000 as alimony and $50 as attorney's fees, and specified the same should be a lien on the Holyoke property. It provided for the enforcement of this lien by the language "for which let execution and order of sale issue."

The judgment further provided that the property involved in this appeal should be the sole and separate property of the plaintiff "free and clear from any right, title and interest on the part of the defendant."

The defendant undertook to enforce her lien on the Holyoke property as authorized by the judgment. At the sale she bid in the property, but failed to make her bid good, and the sheriff made a return of no sale. After the expiration of the term of court at which the

judgment was rendered, defendant attempted to modify the judgment by transferring the lien from the Holyoke property to the Market street property. This effort was held void. (Appeal No. 32,101, *Drury v. Drury*, 141 Kan. 511, 41 P. 2d 1032.)

Pending that appeal and on August 24, 1934, the defendant caused a general execution to be issued and levied upon the Market street property. At the sale the property was bid in by the defendant. The plaintiff filed a motion asking that the sale be set aside. This motion was overruled and the sale confirmed. This appeal is from the ruling and judgment of the court in overruling the motion to set aside the sheriff's sale.

In appeal No. 32,514, *Drury v. Drury*, 143 Kan. 83, 53 P. 2d 792, the syllabus reads as follows:

"Where in a divorce action the wife is granted permanent alimony in a fixed sum of money which is made a lien on a specific portion of the real estate decreed to the husband and it develops the property on which the lien was granted did not sell for a sufficient amount to satisfy the judgment of alimony, *held,* the wife cannot thereafter satisfy her judgment by means of execution sale out of other property specifically set aside in that decree to the husband as his sole and separate property, free and clear from any right, title and interest on the part of the wife."

This disposes of every question involved in this appeal. We adhere to the decision announced in that case. We see no purpose in going over the same ground again. We have made a careful study of defendant's brief and find no reason to depart from our former decisions.

The judgment must be reversed and remanded with directions to enter judgment setting aside the sheriff's sale. It is so ordered.