No. 34,347

ZILLAH TUCKER, Deceased, and THE NATIONAL BANK OF TOPEKA
Administrator of the Estate of Zillah Tucker, Deceased, *Appellee*
v. ARTHUR TUCKER, *Appellant.*

(92 P. 2d 26)

Opinion filed July 8, 1939.

*A. D. Weiskirch, Jr.,* and *John W. Shideler,* both of Topeka, for the appellant.

*B. J. Lempenau* and *W. E. Atchison,* both of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was originally an action for divorce and alimony. Defendant's appeal, however, is from a subsequent order which revived plaintiff's, the wife's, judgment in favor of the administrator of her estate, the National Bank of Topeka.

Defendant's complaint does not involve the procedure on revivor or the correctness of the amount of alimony found, in the order of revivor, to be due on the alimony judgment. He contends first that the original judgment of alimony rendered on July 29, 1929, was void for indefiniteness, and second, that the trial court altered the alimony judgment by a subsequent judgment on April 27, 1935, which alteration he claims the court was without jurisdiction to make.

Was the original judgment void for indefiniteness? Defendant contends the *amount* of alimony was not definitely fixed in that judgment. The decree included a money judgment for $4,500, and provided $500 thereof should be paid to plaintiff in cash, $1,000 was to be paid on or before July 29, 1930, and the balance of $3,000 was ordered paid in monthly payments of $75 each, together with interest at the rate of six percent per annum. The decree likewise specifically

included a money judgment against defendant in the sum of $2,200 in addition to the $4,500 item. The $2,200 item was the amount defendant then owed to the Shawnee Building & Loan Association, on the home place which was awarded to the plaintiff in the division of the property of the parties. The judgment further provided that five installment payments on that mortgage debt, being $150, should be paid by defendant to the mortgagee at once, and that defendant should pay the balance of the mortgage debt to the mortgagee as the same came due, together with interest, under the provisions of the mortgage. The judgment permitted plaintiff to pay the monthly payments on that mortgage in the event defendant failed to pay the same, and authorized plaintiff to add such payments made by her to the monthly alimony installments of $75. The decree also provided that if defendant failed to make the $1,000 payment within one year from date of the decree, or if he should be in default in the payment of three of the $75 monthly payments, then the entire amount of alimony awarded should be due and payable at once. The journal entry provided that the court retained jurisdiction of the cause for such further orders or judgments as seemed just and proper to enforce the payments it had directed to be made.

Defendant defaulted in the payment of the mortgage debt, and on April 27, 1935, the court, after notice duly served on defendant, heard evidence upon plaintiff's motion to fix the amount then due plaintiff under the provisions of the original judgment. It is not denied that the mortgagee threatened foreclosure on the home and that in order to avoid foreclosure plaintiff on April 14, 1935, paid the balance due on the mortgage in the sum of $1,504. There also remained unpaid $375 on the $4,550 item of the alimony judgment; $387.50 was due for interest on deferred payments, making a total of $2,266.85. For that total amount then found to be due, judgment was rendered against the defendant, to be paid at the rate of $75 per month on the first day of each month, together with interest on deferred payments, at the rate of six percent per annum.

On October 9, 1938, plaintiff died intestate. The undisputed balance due on the date of revivor of the judgment was $1,466.85, together with interest at six percent per annum from September 28, 1938. The judgment was revived in favor of the appellee, administrator, on February 20, 1939.

The original judgment of alimony was not void for indefiniteness as to its amount. It was rendered for the definite total sum of

$6,750. It provided $4,550 of that amount should be paid in a specific manner. The balance of the alimony judgment likewise consisted of a definite sum, namely, $2,200. The latter represented the amount of the mortgage on the home place which the court permitted defendant to pay according to its specific terms. Upon default by defendant in the payment of the mortgage debt, and the payment thereof by plaintiff, as authorized by the judgment, the court did not on April 27, 1935, alter the original judgment, but calculated the balance then due thereon, and rendered judgment accordingly. Neither the correctness of the amount found due on April 27, 1935, nor the amount found due at the time of revivor are disputed by the defendant.

Defendant also contends the original judgment was indefinite because it was based upon a contingency, the contingency being that defendant might default in the payment of the mortgage debt, and if so, he would be obliged, under the original. judgment, to pay a different amount than that specified in the original judgment. The contention is not well taken. The amount of the mortgage on the home place was definitely fixed in the judgment and defendant was required to pay it in accordance with the definite terms of the mortgage. The judgment specifically provided that in the event defendant failed to pay the mortgage plaintiff should be permitted to pay it and should have judgment against the defendant for the amount so paid. In other words, the judgment fixed not only the amount of the mortgage but also provided the manner in which plaintiff might protect her home in the event of defendant's default. Defendant directs our attention to the cases of *Moore v. Moore,* 119 Kan. 704, 241 Pac. 117; *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409; *Conway v. Conway,* 130 Kan. 848, 288 Pac. 566; *Revere v. Revere,* 133 Kan. 300, 299 Pac. 595; *Catren v. Catren,* 136 Kan. 864, 18 P. 2d 134; *Mayfield v. Gray,* 138 Kan. 156, 23 P. 2d 498; *Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032; Id., 143 Kan. 83, 53 P. 2d 792. He contends those decisions prohibit the alteration of alimony judgments after the term in which they are rendered and that the Catren case makes contingent alimony judgments invalid. It could serve no useful purpose to extend this opinion by an analysis of the facts in those cases. The facts in those cases are readily distinguishable from those in the instant case. The principles therein stated in nowise conflict with the views herein expressed.

Defendant finally urges the court had no authority to retain continuing jurisdiction to alter the original judgment. It is a sufficient

answer to say the court had authority to enforce its original judgment in the manner it did enforce it, irrespective of a provision in the original judgment that it retained jurisdiction to enforce the judgment. Moreover, the judgment was not altered in the instant case.

Plaintiff insists defendant is estopped from complaining about the original judgment for the reason he concurred therein by accepting the property set aside to him, operated the business properties awarded to him and retained the profits therefrom and for many years made numerous payments on the judgment. Plaintiff also urges that irrespective of the judgment, the wife had the right to pay the mortgage debt on the home place and to be subrogated to the rights of the mortgagee. It is not necessary to treat those contentions. The alimony judgment was not void for uncertainty as to its amount, the amount was not altered and the district court had authority to enforce the judgment.

The judgment is affirmed.