No. 21,079.

CATHERINE MULCAHY, *Appellee*, v. THE CITY OF MOLINE, *Appellant*.

SYLLABUS BY THE COURT.

1. VACATION OF JUDGMENT—*Jurisdiction of Judge at Chambers*. Within the duration of a term of court the trial court or judge has power to vacate an order or judgment dismissing an action at plaintiff's cost, and may order the cause reinstated and grant time to file amended pleadings.

2. SAME—*Order of Judge at Chambers—Presumption of Validity*. On appeal, where the validity of the judicial acts of a trial judge at chambers depends upon whether they were dispatched within the duration of a term of court, it will be presumed in the absence of proof that the judicial business in question was transacted before the term of court was formally adjourned.

3. SAME—*Jurisdiction—Judge at Chambers.* Whatever judicial business a district judge may transact at chambers may be so done although at the time he is formally holding court at a regular term in another county of his judicial district.

Appeal from Elk district court; ALLISON T. AYRES, judge. Opinion filed October 6, 1917. Affirmed.

*W. A. Elstun,* city attorney, and *Chester Stevens,* of Independence, for the appellant.

*W. P. Hackney, L. D. Moore, A. M. Jackson, A. L. Noble,* all of Winfield, and *Ed J. Fleming,* of Arkansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal presents a simple question of practice and procedure. The plaintiff sued the defendant for damages for the death of her husband, who was killed in the service of the defendant while excavating a ditch for a water main. A demurrer to her petition was sustained, and she elected to stand upon her petition, and the case was dismissed at her cost.

Later the plaintiff filed a motion to set aside the order of dismissal and to reinstate the case, and she asked for time to file an amended petition.

This motion was allowed, and the city appeals, contending that when the action was dismissed the court lost jurisdiction of the cause and of the defendant and that the only procedure open to plaintiff, if any, was to commence a new action with the regular service of summons.

The city's contention would be good if the term of court at which the action was dismissed had expired before the motion to vacate the order of dismissal and to reinstate was filed and before the trial judge had made some order concerning it (*Martindale v. Battey,* 73 Kan. 92, 84 Pac. 527; *Welling v. Welling,* 100 Kan. 139, 163 Pac. 635), but if the motion was filed and some rule or order concerning it was made within the term, the court had not lost jurisdiction and might entertain the motion or make any other appropriate order within its judicial discretion. (*Sylvester v. Riebolt,* 100 Kan. 245, 164 Pac. 176.)

Had the term of the district court of Elk county expired when the motion to vacate and reinstate was filed, or when the court granted that motion? The record does not show. A recourse to the statute shows that the terms of that court begin on the first Monday in January and May and the third Monday in September. (Gen. Stat. 1915, § 3031.) A term of court does not necessarily end until the beginning of the next succeeding term. The order or judgment of dismissal at plaintiff's cost was made at the May term, on June 27, 1916. The motion was filed on July 11, 1916, and granted on September 14, 1916. The next term of court did not begin until the third Monday in September, which was on September 18, four days later. In the absence of a clear and positive showing that the district court of Elk county had formally adjourned its May term before the proceedings complained of transpired, a presumption of their regularity must be indulged. *Omnia rite esse acta præsumuntur.* And so the city must plead to the cause as reinstated; but, if so advised, it may plead the facts relating to any formal adjournment of the May term.

No significance attaches to the fact that the judge of the district court of Elk county was sitting at chambers in Butler county when the action was dismissed, nor because he ordered the dismissal vacated and the cause reinstated, at chambers, while he was holding the regular term of the Chautauqua county district court. Whatever a district judge may do at chambers he may do at any time and anywhere within his entire judicial district; and while he is presiding at a regular judicial term in one county he may occupy his spare time in dispatching judicial business pending in the district courts of the other counties of his electoral bailiwick, if it be of a character which may be disposed of at chambers. Such is the elastic scope of the new code and related statutes. (*Rea v. Telephone Co.*, 87 Kan. 665, 667, 125 Pac. 27; *Bank v. Courter*, 97 Kan. 178, 183, 155 Pac. 27.)

Judgment affirmed.