No. 22,803.

*In re* The Estate of E. M. Trout, Deceased (T. W. Gardner, as Administrator, etc., *Appellant,* v. L. L. Thrall, *Appellee.*

SYLLABUS BY THE COURT.

1. PARTNERSHIP—*Death of Partner—Manner of Winding Up the Business—Jurisdiction of Probate Court.* The probate court may order a surviving partner, who is closing up the affairs of a merchandising partnership, to continue the partnership business, purchase new goods, and sell at retail until such reasonable time as all assets of the business may be sold to the best advantage.

2. SAME — *Sale of Partnership Assets — Inventory and Appraisement.* Where there has been an inventory and appraisement made by the administrator of the estate of a deceased partner, after there has been sold at retail a part of the goods thus appraised and other goods have been purchased and added to the original stock and a part of the new goods also have been sold, the probate court may direct the surviving partner to sell the remainder of the stock of goods at private sale without requiring a new appraisement, if the partnership estate does. not sustain any loss thereby.

3. SAME—*Sale of Accounts Due the Partnership.* A judgment of a district court approving an order of a probate court directing a surviving partner to sell the accounts due the partnership will not be reversed where it appears that the partnership estate did not thereby sustain any loss.

4. SAME—*Reports of Surviving Partner—Judgment of District Court.* Under the circumstances described in the first and second paragraphs of this syllabus, a judgment of the district court, rendered on appeal from the probate court, refusing to require the surviving partner to specifically report all profits on all goods sold, will not be reversed.

5. SAME—*Compensation for Services of Surviving Partner.* A surviving partner, in settling the partnership affairs under sections 4515-4522 of the General Statutes of 1915, is entitled to attorney's fees, to expenses, and to compensation for his services.

6. SAME — *Interest of Partners in Assets of Partnership — Contract.* Partners may contract to share equally in the capital of the partner-

ship although they may contribute thereto unequal amounts, and a finding, supported by evidence, that they did so contract is conclusive on appeal to the supreme court.

Appeal from Woodson district court; OSCAR FOUST, judge. Opinion filed October 9, 1920. Affirmed.

*Charles H. Apt, Frederick G. Apt,* both of Iola, and *S. C. Holmes,* of Yates Center, for the appellant.

*G. H. Lamb,* and *W. E. Hogueland,* both of Yates Center, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: T. W. Gardner, administrator of the estate of E. M. Trout, deceased, appeals from a judgment approving the final report of L. L. Thrall, surviving partner of E. M. Trout.

In October, 1901, L. L. Thrall and E. M. Trout purchased a stock of merchandise for $3,428.60. To make the purchase Thrall contributed $814.30, and Trout contributed $2,614.30. They then engaged in business as equal partners and continued therein until E. M. Trout died on August 29, 1916. Lillie W. Trout was appointed administratrix of the estate of E. M. Trout. She made an inventory and appraisement of the stock of merchandise of Thrall & Trout and filed the same in the probate court in Woodson county. The stock of goods was appraised by the administratrix at $6,685.30. L. L. Thrall as surviving partner undertook the management of the partnership affairs and gave bond as required by law. The appraisement of the stock of goods made by the administratrix was, with the approval of the probate court adopted by L. L. Thrall. That court on October 11, 1916, ordered Thrall to continue the business and sell at retail and purchase and pay for such new goods as he should think proper until the stock of goods could be sold in bulk to the best advantage. In October, 1917, under order of the probate court, L. L. Thrall sold the remainder of the stock of goods at private sale, receiving for fixtures 50 per cent of the cost price, for groceries 90 per cent of the cost price and for all other goods 75 per cent of the cost price, or a total of $3,466.63. In November, 1916, under order of the

probate court he sold a number of uncollected accounts for $21.00. Lillie W. Trout died and T. W. Gardner was appointed administrator of the estate of E. M. Trout. L. L. Thrall filed partial and final reports which were approved, and from the order of the probate court approving his final report T. W. Gardner as administrator appealed to the district court, where the final report of L. L. Thrall was again approved and confirmed, and from that judgment this appeal was taken.

1. The first complaint, one that underlies several others, is that "the district court erred in approving and confirming the orders of the probate court . . . permitting the surviving partner to conduct the business of the partnership, and . . . purchase new stock of merchandise." This matter is disposed of by *Implement Co. v. Keyser,* 99 Kan. 8, 161 Pac. 592, where this court said:

"A sale of the goods and assets of the partnership may be made in bulk or in the usual course of trade, whichever may be the most advantageous to the interested parties, and if sold at retail some goods may be added to the stock in order to make it more salable and to facilitate the advantageous disposition of the whole; and when this is done in good faith the estate will be liable for the goods purchased as well as the expenses of winding up the business." (Syl. ¶ 4.)

2. Another complaint is that "the district court erred in approving and confirming. . . . the order permitting the surviving partner to sell at private sale . . . the stock in bulk to P. C. Jones without making and submitting an appraisement and inventory of the stock to be sold." It probably would have been proper to have made a new inventory and appraisement at the time the sale was made, but the inventory and appraisement which had been made showed the value of the stock of goods to have been $6,685.30. New stock had been purchased and parts of old and of the new stock had been sold. There were practical difficulties in ascertaining what were new goods and what were old goods and in ascertaining the value of each; besides, an appraisement and inventory at the time the goods were sold was not required by law. A careful study of the inventory and appraisement, and of the reports filed by L. L. Thrall, reveals that the estate suffered no damage by reason of the manner in which the estate was handled. The stock of goods was appraised at $6,685.30, the partnership ac-

counts were appraised at $994.36, and new goods were bought amounting to $4,577.10, making a total of $12,256.76. Thrall received from the sale of goods and from accounts $9,347.89, and from the final sale of the stock of goods, $3,466.63, making a total of $12,814.52, or $557.76 more than the amount paid for new goods and the original appraisement of the stock and accounts. There was paid out for expenses and rent, outside of attorney's fees and compensation to L. L. Thrall, $1,292.75. This amount added to $4,577.10, the amount paid for new goods, and the sum of both, $5,869.85, deducted from the total amount received from the sale of goods and from accounts, $12,814.52, leaves $6,944.67—more than the appraised value of the stock of goods. Thus it appears that the partnership business sustained no loss by reason of the manner in which it was conducted by L. L. Thrall. If there was no loss, Gardner as administrator has no cause for complaint.

3. Gardner complains that "the district court erred in approving and confirming the orders of the probate court . . . permitting the surviving partner to sell the accounts due the partnership." The accounts were probably practically worthless, and if so, it did not materially matter whether the accounts were turned into the probate court uncollected, or whether they were sold for such a sum as could be received therefor. It does not appear that the partnership business sustained any loss by reason of the sale of these accounts, and although their sale may have been irregular, the judgment of the district court approving the order permitting the sale of the accounts will not be reversed.

4. It is contended that the court erred in refusing to require L. L. Thrall to account for all profits on all the old goods sold at retail and to account for all profits on the new goods purchased, and that the court erred "in refusing to require the surviving partner to set out and charge himself with all the property received by him of said partnership estate, in his report, and show the manner of the disposition of the same." In response to these contentions it may be said that all profits seem to have been turned into the assets of the estate. It is not necessary to say anything further than to call attention to the discussion concerning the manner in which the business was conducted under the orders of the probate court and to the

Gardner v. Thrall.

results thereof. That discussion shows that these contentions should not be sustained.

5. Another complaint is that the district court erred in allowing compensation to the surviving partner in the sum of $1,560, and in allowing attorney's fees in the sum of $200, and in allowing $992.75 as expenses while conducting the business. Gardner makes an extended argument and cites many authorities to show that it is the duty of a surviving partner to wind up the affairs of the partnership business without compensation. This we think is not in accord with the spirit of our statutes concerning the administration of estates of deceased persons. A surviving partner in closing out the partnership business acts in the character of the administrator of the partnership estate. The partnership ceased to exist on the death of E. M. Trout, and the services thereafter rendered by L. L. Thrall were rendered under the statute, which, we think, contemplates that the surviving partner shall be paid for his services, and that he shall likewise be allowed his expenses and attorney's fees. L. L. Thrall conducted the business under the orders of the probate court, gave his personal attention thereto, and he should be paid therefor. He should also be allowed his attorney's fees and the expenses incurred in conducting the business. The amount of compensation allowed him and the attorney's fees appear to be reasonable, and the expenses allowed appear to have been properly incurred.

6. Another complaint is that "the district court erred in final distribution of said partnership, by refusing to return to each partner the amount of the capital contributed by each, before making general division of the profits." The principle contended for is that before there can be any distribution of a partnership estate, the amount contributed by each of the partners at the time he engaged in the business must be refunded to him or to his personal representative.

There was evidence which tended to show that L. L. Thrall and E. M. Trout engaged in the business as equal partners. In the journal entry of judgment there appears what seems to be a finding of fact:

"That L. L. Thrall and E. M. Trout were at the death of said E. M. Trout, and during the entire term of the partnership of said Thrall &

Trout, had been equal partners in said business and estate and that Lillie W. Trout was duly appointed by this Court administratrix of the estate of E. M. Trout."

The evidence warranted that finding. Under it L. L. Thrall and E. M. Trout were equal partners in the entire business, capital as well as profits. There was no law to prevent them from engaging in a partnership on such terms, although one contributed more to the purchase of the stock of goods than the other. That finding of fact concludes the argument on this question, and determines it against Gardner.

Some other questions are presented; they have been examined, but they are not sufficient to warrant a reversal of the judgment, and are not deemed of sufficient importance to warrant further discussion.

The judgment is affirmed.