No. 35,776

EDGAR W. HOFFMAN, *Appellee,* v. EULALIA O. HOFFMAN, *Appellant.*

(135 P. 2d 887)

Opinion filed April 10, 1943.

*I. T. Richardson,* of Emporia, argued the cause for the appellant.

*Owen S. Samuel,* of Emporia, argued the cause, and *W. C. Roberts,* of Emporia, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was a case wherein a husband brought suit for divorce against his wife on grounds of extreme cruelty and gross neglect of duty. The wife answered denying the charges and in the cross petition charged the husband with extreme cruelty and prayed for a divorce and for an allowance of alimony from him. In due time, as permitted by our statute (G. S. 1935, 60-1519), the defendant requested a statement of facts, and in compliance therewith the plaintiff furnished a bill of particulars containing numerous charges of misconduct, only one of which will be given attention inasmuch as it is apparent from the record the court based its judgment solely upon the charge to the effect defendant had written a

vile and indecent letter to another man, which letter was intercepted by that man's wife and was later published and made public up and down the streets and among the citizens of Emporia, causing plaintiff much distress and humiliation.

Issues having been joined, the case was tried to a judge pro tem, under proper order. The trial lasted several days. The evidence on practically all questions of fact was in dispute and could not be harmonized. In view of the fact the evidence with respect to the letter was the determining factor in the case, we shall give it special attention.

It appears the letter in controversy was offered and received in evidence in a former divorce proceeding determined in Lyon county, Kansas, wherein the woman, to whose husband it was alleged to have been directed and delivered, obtained a divorce from him because of it on the ground of cruelty. At the close of that proceeding, on application of the plaintiff therein, the letter was withdrawn from the files and on permission of the court a photostatic copy thereof was substituted therefor and placed in the files of that action in the office of the clerk of the district court. Such photostatic copy was in that file on all dates pertinent to this action.

The record in the instant case discloses the following evidence and procedure during the trial: Demand by the attorney for defendant for an inspection of the letter, or in the alternative the furnishing of a true copy thereof; the refusal of such demand by an attorney for the plaintiff for the reason he did not have the original letter and that a photostatic copy thereof could be found in the files of the former divorce proceeding herein referred to; offer and receipt in evidence of the photostatic copy of the letter, over objection, on identification of the copy as a true photograph of the original by the official court reporter, the photographer who reproduced it, the plaintiff in the former action, and testimony by her and the plaintiff in this action, that the handwriting was that of the defendant; testimony by the plaintiff in the former action the original letter had been found by her in the coat pocket of her husband prior to the institution of such action, carefully placed by her among her private papers after receiving it from the clerk and that after a subpoena *duces tecum* had been served upon her as a witness in the instant case she had made a diligent search for such original letter and had been unable to find it and produce it in court.

On behalf of the defendant the evidence was: A flat denial by

the defendant she had written the letter; a denial by the defendant in the former action he had ever seen the letter and that it was in the handwriting of Mrs. Hoffman; testimony of at least one other witness the handwriting was not that of the defendant; and ample evidence by divers witnesses, if the court had seen fit to give it full faith and credit, of misconduct on the part of the plaintiff, justifying the rendition of a decree of divorce in favor of defendant and against plaintiff; there was no direct evidence of any character adduced tending to show the original letter had been obtained by collusion, connivance, fraud, coercion or other improper means.

It would serve no useful purpose to dignify the instrument received in evidence by setting forth the allegations therein contained or to refer to the characterizations appearing thereon which gave further emphasis to those allegations. It suffices to say the instrument contained vulgar, obscene and scurrilous matter, which if found by the court to be the product of defendant's efforts, was sufficient to sustain a judgment for divorce on the ground of extreme cruelty, especially since it appeared from the evidence the contents of the letter had been disclosed to the general public and had been a topic of general conversation in the community.

At the close of the trial the case was taken under advisement by the court until April 28, 1942, on which date a memorandum opinion was handed down, the court finding and determining: (1) The issues generally in favor of plaintiff and against defendant. (2) That defendant had been guilty of extreme cruelty and wrote the letter, a photograph of which was introduced in evidence. (3) That plaintiff should be granted a divorce for the fault of defendant. (4) Property rights as between the parties. (5) Alimony should be allowed defendant and fixing the amount. (6) Plaintiff should pay defendant's attorney fees. (7) Costs should be taxed against the plaintiff.

On April 30, 1942, defendant filed a motion for new trial and to vacate the judgment, also a motion to set aside findings 1, 2 and 3. On the same date the plaintiff filed a combination motion to vacate findings 5 and 6 and for a new trial as to such matters, and such matters only. Thereafter on May 4, 1942, which was the last day of the February, 1942, term of court of the district court of Lyon county, Kansas (G. S. 1935, 20-1005), a journal entry of judgment was filed, incorporated in which were all of the findings above referred to.

No action was taken by the court on any of the motions filed by the parties during the February, 1942, term. Thereafter and during the May, 1942, term of court the trial judge attempted to modify the judgment rendered by him at the February term and attempted to render a judgment in accordance with his modified findings. To this so-called modified judgment the plaintiff filed a combination motion to vacate and for new trial. We refer to these proceedings had after the expiration of the February, 1942, term but do not relate them in detail for reasons which will be presently disclosed.

The only record as to definite action taken by the court on the motions filed by defendant to the original judgment, unless it can be said the filing of the modified decree amounts to an overruling of such motions by inference, appears in the journal entry of judgment and decree as modified which was filed on September 21, 1942. That journal entry relates that such motions were taken under advisement on May 28, 1942, and in addition contained the following provision:

"It is further considered, ordered and adjudged: That all motions of the plaintiff and the defendant to modify judgment and for a new trial, are by the Court overruled, except as judgment is modified as herein set forth."

These provisions, when considered with the fact that the record shows a separate journal entry, under date of September 21, 1942, overruling the combination motion for a new trial, and to modify the modified judgment rendered by the court, forces us to the conclusion that no action was taken by the court on defendant's motions to the original judgment until September 21, 1942. Incidentally, although not material to our determination of this appeal, we are forced to conclude the modified judgment was finally rendered on September 21, 1942. The modified journal entry of judgment and the journal entry overruling motions of defendant to the modified judgment each bear a filing date of September 19, 1942, whereas our examination of the official transcript discloses the proceedings resulting in the execution of those instruments took place on September 21, 1942.

The notice of appeal, which was filed in due time, appeals from all rulings adverse to the contentions of the defendant, including the order of the court denying defendant's motions for new trial after rendition of the judgment at the February, 1942, term of court.

The pertinent facts and the procedure required to enable us to arrive at a determination of the rights of the parties having been

heretofore set forth, we now proceed to discuss the legal questions involved.

The first contention raised by appellant to which we shall refer is her objection to the admission of the photostatic copy of the letter on the ground there was no compliance with the demand for inspection of the "original letter" or in the alternative a "true copy" thereof. Appellant insists this demand was made under the provisions of G. S. 1935, 60-2851, instead of the provisions of G. S. 1935, 60-2850, and that by reason of the failure—or refusal as she puts it—of appellee to comply with the demand, neither the original letter nor the photostatic copy were admissible in evidence. With this contention we cannot agree. The request as made was for permission "to inspect the letter," not for a copy thereof; and upon failure to comply with the demand it was the duty of appellant to make application to the court for an order requiring the appellee to give the appellant an opportunity for inspection, or a copy of the instrument, as authorized by the last-cited statute. Having failed to take this action, she cannot now complain. Moreover, even if appellant's construction of the notice served on the appellee was correct it was not necessary for the latter to deliver a copy of the letter, inasmuch as that copy was a public record, equally accessible to all parties, of which fact and the additional fact appellee did not have custody or control of the original, the appellant had notice. (*Hammerslough v. Hackett,* 30 Kan. 57, 1 Pac. 41, and *Stove Works v. Caswell,* 48 Kan. 689, 692, 29 Pac. 1072.)

The next contention is there was no proper foundation for admission of secondary evidence. This argument is not good. Where a person who receives a letter testifies the last place he saw it was in a chest in his home, that he had searched and was unable to find it, sufficient foundation is laid for admission of secondary evidence. (*C. B. U. P. Rld. Co. v. Shoup,* 28 Kan. 394.) That photostatic copies of an instrument are admissible in evidence when the original has been lost or cannot be made available cannot be successfully disputed. This court has even admitted carbon copies of instruments when supported by oral evidence of witnesses who have seen and compared them with the originals which had been lost, and say they are exact copies. (*Hewett v. Gott,* 132 Kan. 168, 172, 294 Pac. 897.) It has also been determined that letter-press copies are admissible. (*McAuley v. Siscoe,* 110 Kan. 804, 205 Pac. 346.) And it has been held that the contents of a letter, when it appears the

original is not in the hands of the offering party or could not be produced by legal means, is admissible. (*White v. White*, 76 Kan. 82, 90 Pac. 1087.)

Another objection is that there was no proper and sufficient showing under G. S. 1935, 60-1508, for the introduction of the letter as an admission of defendant. This objection cannot be sustained because there was no direct evidence, in fact, no intimation that the letter relied upon was obtained by connivance, fraud, coercion or other improper means. Appellee's position was she did not write the letter, not that it was obtained from her in an illegal way.

Still another objection is that there was no evidence to support the judgment of the court granting the appellee the divorce for the fault of the appellant. There was ample evidence to raise disputed questions of fact and bring the trial court's findings within the rule that when they are supported by substantial, competent evidence they and the subsequent judgment will not be disturbed. It is the function of the trial court, not of the court of appeal, to pass upon the weight and sufficiency of the evidence. (*Teverbaugh v. Teverbaugh*, ante, p. 483, 134 P. 2d 653; *Rolland v. Rolland*, 148 Kan. 851, 85 P. 2d 21; *Forster v. Forster*, 148 Kan. 202, 80 P. 2d 1057.)

The final and, in our opinion, the most serious objections made by appellant are her contentions that the trial court erred in overruling the motion for a new trial filed by her after the rendition of the judgment at the February, 1942, term of court and that the trial court's attempt to render judgment after the expiration of that term was void and had no effect on the original judgment. The first objection, last above referred to, is before us for our consideration under the notice of appeal, the journal entry filed on September 21, 1942, and the official transcript disclosing that motion was not disposed of until that date. No question can be raised as to the last contention, for this case is here on appeal from the judgment rendered on September 21, 1942, but inasmuch as our determination of one of these questions requires a determination of the other, we shall dispose of them jointly.

The proposition the district court in the exercise of sound discretion, during the term at which judgment is rendered, may vacate its orders or judgments, and when an order or judgment is so vacated the previous existing status is restored and the situation is the same as though the order or judgment had never been made, is too well grounded to require serious consideration here. (*Standard Life*

*Ass'n v. Merrill,* 147 Kan. 121, 75 P. 2d 825; *Epperson v. Department of Inspections and Registrations,* 147 Kan. 762, 78 P. 2d 850; *Burnham v. Burnham,* 120 Kan. 90, 242 Pac. 124; *Eckl v. Brennan,* 150 Kan. 502, 506, 95 P. 2d 535; *State v. Bowser,* 154 Kan. 427, 429, 118 P. 2d 1055; *Mulcahy v. City of Moline,* 101 Kan. 532, 171 Pac. 597.)

Not so devoid of difficulty is the question of how, when and under what circumstances, in cases determined at one term of court, judgments may be rendered by the district court at a subsequent term.

The rule is well established that where a motion for a new trial has been filed during one term of court the jurisdiction of the court is not lost by the fact that the motion was not considered and determined until a subsequent term. (*Armourdale State Bank v. Hoel,* 120 Kan. 130, 242 Pac. 481; *Hinchey v. Starrett,* 91 Kan. 181, 137 Pac. 81; *Bank v. Wright,* 98 Kan. 248, 157 Pac. 1178; *Life Ins. Co. v. Twining,* 19 Kan. 349; *Brenner v. Bigelow,* 8 Kan. 496.)

It is also the rule that while a trial should be completed, insofar at least as the introduction of testimony is concerned, at the term at which it is commenced, yet where a trial is to the court without a jury, and all the testimony is offered, the arguments concluded, and the case submitted to the court for judgment, the court may take the case under advisement to the next succeeding term and render a valid judgment at that term. (*Tarpenning v. Cannon,* 28 Kan. 665.)

It has also been held that where the pleadings and evidence present an issue on which the trial court cannot enter a final judgment until additional parties are made defendants, and the court, by proper order, retains jurisdiction of the cause for the purpose of determining such issue at a future term, it may, when all of the parties are in court at a subsequent term thereof, enter a judgment on the issue over which the court retained jurisdiction, notwithstanding such judgment modifies the judgment heretofore entered in the case. (*Marshall v. McNeill,* 134 Kan. 197, 5 P. 2d 859.)

We have also held that where a motion is made for a new trial or rehearing on the ruling of the trial court in a mortgage foreclosure case as to the mortgage being a purchase-money mortgage and the period of redemption properly to be allowed, when both such matters were specifically put in issue by the pleadings, but no decision was made on such issues until after the hearing of the motion to confirm the sheriff's sale, the limitation as to the term of court

at which the ruling on the motion for new trial should be made does not apply. (*Home Owners Loan Corp. v. Dalton,* 148 Kan. 580, 83 P. 2d 624.)

It is when we come to cases where the trial court has attempted to modify or vacate at a subsequent term of court a final judgment rendered by it at a preceding term that difficulty is encountered, although in such cases we think the rule has been definitely established.

Our statute G. S. 1935, 60-3007, specifically provides for the vacating or modifying of judgments. Insofar as it pertains to the instant situation we have under consideration, that section reads:

"The district court shall have the power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made: ·

"First, by granting a new trial for the cause, within the time and in the manner prescribed in this code. . . ."

This court has been called upon in numerous appeals to interpret the meaning of this language. A few of those appeals involve situations where actions to modify or vacate the judgment were filed during the term at which the judgment was rendered and acted upon by the district court at a subsequent term. Most of them deal with conditions where such motions were filed after the term at which judgment was rendered or the trial court on its own initiative attempted to vacate or modify its judgment at a subsequent term.

We shall first direct our attention to those cases where it appears attempts were made by the trial court to modify a judgment after the term at which it was rendered on proceedings instituted subsequent to the close of such term. That such attempts are void and have no effect on the former judgment unless the action is in accord with the express provisions of the civil code has been announced so often by this court it can be said to be elemental.

The rule repeatedly followed can be found in *Thornton v. Van Horn,* 140 Kan. 568, 37 P. 2d 1015, where it was held:

"Rule followed that after the expiration of the term of court at which a judgment was rendered, the court has no further control of it, and subsequent proceedings in the same case conducted after the expiration of the term, which had the effect of rendering nugatory the judgment already entered in appellant's behalf, were void." (Syl.)

And in the opinion it was said:

"What authority over the judgment entered on March 4, 1933, which was a judicial day of the January term, did the trial court have after that term

transpired? To change that judgment it had none whatever. Nothing is more thoroughly settled in English and American jurisprudence than the doctrine of *res judicata*. In simple language that means that when the court has pronounced judgment in a lawsuit, and the term of court at which such judgment was pronounced has ended, the matters which were involved in the litigation are foreclosed and adjudicated for all time. The court has no more control of the judgment—no more power to set aside that judgment and substitute another judgment therefor—than the Man in the Moon. In *Moore v. McPherson*, 106 Kan. 268, 273, 187 Pac. 884, it was held:

"'It is settled law that after the term the court has no control over a judgment; it is then *res judicata*, subject only to the right of appeal and to the right of petition for a vacation of the judgment on any of the particular grounds (and no others) specified in section 596 of the civil code.'" (Citing many cases.) (p. 570.)

In *Keys v. Smallwood*, 152 Kan. 115, 117, 102 P. 2d 1001, reaffirming the rule just announced, it was said:

"From this order and judgment the plaintiff appeals, contending that after the June term of court at which the first garnishment was sustained and on which judgment was entered in plaintiff's behalf had expired, the district court lost control over it. Within the term at which it had been rendered no motion was leveled against the judgment. *The court had made no order affecting it.* It is elementary law that in such a situation the judgment became unassailable on November 12, 1939, when the June term of court expired —unless it adjourned sine die at some earlier date. . . ." (p. 117.) (Italics supplied.)

To the same effect, including many other citations, are: *Shope v. Shope*, 149 Kan. 754, 761, 89 P. 2d 859; *Revere v. Revere*, 133 Kan. 300, 302, 299 Pac. 595; *Heston v. Finley*, 118 Kan. 717, 720, 236 Pac. 841; *Schubach v. Hammer*, 117 Kan. 615, 231 Pac. 1041; *Moore v. McPherson*, 106 Kan. 268, 273, 274, 187 Pac. 884; *Mulcahy v. City of Moline*, 101 Kan. 532, 534, 171 Pac. 597; *Welling v. Welling*, 100 Kan. 139, 163 Pac. 635; *Martindale v. Battey*, 73 Kan. 92, 84 Pac. 527.

We will next direct our attention to cases where motions were filed during the term at which the original judgment was rendered. *J. B. Colt Co. v. Clark*, 125 Kan. 722, 266 Pac. 41, was a case wherein a jury returned a verdict against the defendant and assessed the amount of the plaintiff's recovery. Later the defendant filed two motions, one to set aside the judgment in favor of the plaintiff and render judgment in favor of defendant, and the other a motion for a new trial. At the succeeding term the motion for an order to vacate the judgment was taken up and sustained, and later the defendant withdrew his motion for a new trial. The plaintiff appealed,

and urged that after the October term had expired the court was without jurisdiction to vacate that judgment and render a judgment in favor of the defendant. In passing upon that contention this court held:

"The judgment of a court is deemed to be within its breast during the existence of the term at which it is rendered, and the court may during that time, for good cause, modify or vacate the judgment, but after the close of that term it has no jurisdiction to alter the judgment." (Syl. ¶ 2.)

And in the opinion said:

"As to the jurisdiction of the district court to vacate a judgment after the expiration of the term at which it was rendered there is little room for controversy. A court, of course, has power upon sufficient cause to modify or vacate its judgment at any time during the term of the court at which the judgment was rendered, but it is equally well settled that after the term expires the court is powerless to modify or vacate a judgment that is not void. It has then become a finality, subject of course to review on appeal. (*Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041, and cases there cited. See, also, *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884.) There are statutory exceptions provided for in R. S. 60-3007, but the judgment in question does not fall within any of them. Defendant seems to rely on the fact that a motion for a new trial preserved the jurisdiction, but as we have seen, the court acted only on the motion to set aside the judgment, and the motion for a new trial was withdrawn. *The fact that it had been filed* did not vest the court with jurisdiction to set aside a judgment rendered at a previous term. It follows that the ruling of the court vacating that judgment must be reversed." (p. 724.) (Italics supplied.) ·

In *Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032, a judgment was rendered for alimony. At the same term the defendant filed a motion to modify the portion of the decree pertaining to alimony and at the subsequent term the court attempted to modify the judgment as requested. The plaintiff appealed. In reversing the judgment this court reaffirmed the rule announced in *J. B. Colt Co. v. Clark,* supra, and in the opinion said:

"The judgment for alimony and for lien on the Holyoke avenue lots was rendered on April 11, 1933, at the April term of the district court. The term expired on October 2, 1933. On August 11, defendant filed a motion describing her plight, and praying that her position be strengthened by giving her a lien on lots other than the Holyoke avenue lots. The motion was not disposed of at the April term. On January 3, 1934, the court modified the judgment by transferring the alimony lien to the south Market street lots.

"The judgment of January 3, 1934, was void. (*J. B. Colt Co. v. Clark,* 125 Kan. 722, 266 Pac. 41.) A contention the subject has become moot is without merit." (p. 512.)

'Later appearance of this same case merely served to specifically reëmphasize and reiterate the rule. (See *Drury v. Drury,* 143 Kan. 83, 84, 53 P. 2d 792; *Drury v. Drury,* 147 Kan. 202, 205, 75 P. 2d 213.)

The decisions just cited effectively dispose of any possible contention the filing of a motion to modify or vacate a judgment during the term at which it was rendered leaves the case open for further consideration, as on a continuance before final judgment, or preserves the jurisdiction of the trial court and gives it authority to change or vacate such judgment at a subsequent term.

So far we have not referred to decisions which might possibly be construed as holding contrary to the canon of law heretofore discussed. A rather extended search of the authorities disclose they are few in number. With one exception, upon careful consideration they can be harmonized and are not in conflict: *Tucker v. Tucker,* 150 Kan. 317, 92 P. 2d 26, was a case where it was held the district court had jurisdiction after the term to determine the amount due and unpaid under an alimony decree and to render judgment for the balance remaining due and unpaid. It did not hold the original judgment could be modified. In fact, in the opinion this court specifically pointed out that the decision in no way conflicted with the rule that an attempt to modify a judgment after the term was invalid. In *Clark v. Andrews,* 136 Kan. 23, 13 P. 2d 294, it was determined a probate court had authority at a subsequent term to modify an original order entered at the prior term appointing an administrator of a partnership estate. That this decision might conflict with the rule announced in cases there and here cited was determined in the later case of *Gaston v. Collins,* 146 Kan. 449, 455, 72 P. 2d 84. It was said "a careful reading of . . . and *Clark v. Andrews,* . . . will take nothing from the binding force of the cases just cited." If the reason for such an interpretation is not readily apparent it can be found in *Gardner v. Thrall,* 107 Kan. 509, 513, 192 Pac. 750, holding that "a surviving partner in closing out the partnership business acts in the character of the administrator of the partnership estate," and G. S. 1935, 22-323, then in force and effect, providing in substance that administrators are subject to removal at any time by the probate court when it is not satisfied with the manner in which the estate is being administered. *State v. Luft,* 104 Kan. 353, 179 Pac. 553, was a case where the district court during the term at which a verdict of guilty was

rendered sustained a motion for new trial, and the case was then continued to the next term. In the meantime a motion for reconsideration was filed and at the next term the order sustaining the motion for new trial was set aside and the motion was then denied. The facts in this case are readily distinguishable from those establishing the rule, and in no sense conflict with the views therein expressed. *Dye v. Railroad,* 101 Kan. 666, 168 Pac. 1087, was a case where the trial court sustained a motion to set aside service and thereafter on a motion for reconsideration and at a subsequent term denied the motion to set aside the service. It might be possible to reconcile this decision with our others by the statement a decision on a motion to service is not such a final judgment as is contemplated by them or by the statute. However, in the interest of uniformity and to avoid possible misunderstanding and confusion, we believe it is best to simply say that the reasoning leading to the ultimate conclusion in this case is not in harmony with that of our other decisions.

What then must our decision be in the instant case with respect to the attempt of the trial court to modify the judgment rendered at the February, 1942, term? In view of our decisions we believe there can be but one answer. It may be stated thus: When a final judgment is rendered at one term of court, motions to modify and vacate that judgment when filed at that term are addressed to the sound discretion of the trial court. If they are not acted upon at that term they are deemed to be overruled and their pendency does not confer jurisdiction on the court to modify or vacate the judgment at a subsequent term. In the event the trial court, as it did in the instant case, attempts to modify its judgment at a subsequent term, irrespective of whether it acts on motions filed or on its own initiative, such attempted action is void. The original judgment as rendered retains its validity and is not affected by such subsequent action.

We come now to a consideration of the motion for new trial filed immediately after the rendition of the original judgment and which as we have heretofore determined is properly before us. The trial court having granted the divorce to the husband for the fault of the wife, did not have power to require the appellee to pay alimony. (*Hendricks v. Hendricks,* 136 Kan. 69, 12 P. 2d 804; *Petty v. Petty,* 147 Kan. 342, 76 P. 2d 850.) It appears that it took the alimony allowance into account in determining property

and property rights of the parties. Therefore, the judgment fails to make a fair and just division of such property rights. When this condition exists a judgment should be reversed. (*Holder v. Holder*, 143 Kan. 79, 53 P. 2d 806.) What the trial court should have done was to sustain the motion for new trial because of the invalidity of the alimony award and grant a new trial on the issue of the property rights. Having failed to do so, justice and fair play require that we rectify that error.

We have concluded it would serve no useful purpose to reverse this case in its entirety and send it back for a complete new trial. The parties have had their day in court as to all issues except a fair and equitable division of the property and property rights.

The result is the judgment of the trial court should be affirmed insofar as it grants plaintiff a divorce, and as to all other findings in the judgment except those pertaining to alimony and property rights; the judgment for alimony and for the division of property and property rights should be reversed and set aside, and the cause remanded with instructions to hear testimony with respect to the situation as it existed on the date of the filing of the petition in divorce, and from such testimony to make such fair and just division of the property rights as is contemplated by G. S. 1941 Supp. 60-1511. It is so ordered.

WEDELL, J., not sitting.