No. 39,268

ELMER BUCHANAN, *Appellee*, v. BESSIE J. LAMBDIN, *Appellant*.

(269 P. 2d 443) .

Opinion filed April 10, 1954.

*Jack L. Goodrich,* of Parsons, and *Robert M. Siefkin,* of Wichita, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller,* and *Robert N. Partridge,* all of Wichita, were with them on the briefs for the appellant.

*Keith Eales,* of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Gerald Michaud, Russell Cranmer, Dale B. Stinson, Jr., Starr Calvert, Jr.,* and *Carroll Pope,* all of Wichita, and *Oren Gray,* of Parsons, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted to compel specific performance of a real estate contract.

The appeal by the defendant does not pertain to the merits of the action, as it has not been tried. The issue involves only the validity of an order modifying a judgment rendered two terms of court previously. Defendant appeals from that order and from the order overruling her motion to set aside the modifying order. We shall continue to refer to the parties as plaintiff and defendant.

On November 19, 1952, the district court of Labette county, sitting at Parsons, rendered the following judgment:

"THEREFORE, IT IS BY THE COURT CONSIDERED, ORDERED AND ADJUDGED, That the demurrer filed herein by Bessie J. Lambdin, defendant, be and the same is hereby sustained and that said defendant Bessie J. Lambdin be and she is hereby discharged as a party defendant to this proceeding and that plaintiff pay the costs incurred herein as to the defendant Bessie J. Lambdin."

From that order plaintiff appealed to the supreme court on November 25, 1952. The appeal was dismissed April 17, 1953, for failure to comply with rule eight of this court. Before the dismissal of the appeal and on February 26, 1953, three months after rendition of the judgment, plaintiff filed his motion to modify the judgment and to grant him twenty days within which to file an amended petition. Plaintiff served notice of that motion on defendant in which notice he stated the motion would be heard in term time, namely, on March 2, 1953. That was the last day of the November,

1952, term of court in which the judgment was rendered. When plaintiff's motion came on for hearing on March 2, defendant objected to a hearing on the merits of the motion for the reason insufficient notice of the hearing had been given under the district court rules, which required a motion to be on file five days and that a three day notice of the hearing be given.

The motion and the objections thereto were presented to the court on oral arguments and briefs. The court sustained defendant's motion and refused to rule on the merits of plaintiff's motion, at that time. On its own motion the court continued the hearing on the merits of the motion until March 30, 1953, and reserved its ruling thereon until that time. That took the hearing into the next, or March, term of court. On March 30 plaintiff's motion to modify the judgment was presented on its merits and was by the court taken under advisement. On June 1, 1953, that being during the May, 1953, term of court, which was the second term after the judgment was rendered, the court again heard the matter, set aside the judgment and granted plaintiff twenty days within which to file an amended petition.

On June 11, 1953, defendant filed her motion to vacate and set aside the modifying order. The motion was overruled and defendant has appealed.

It first should be observed the original ruling of the court on November 19, 1952, did not constitute merely an order sustaining defendant's demurrer to plaintiff's petition. No time was allowed plaintiff to file an amended petition. A final judgment was rendered in favor of the defendant on that date. It is that judgment which was later modified.

Plaintiff, however, contends that on March 2, 1953, the court (1) ruled on plaintiff's motion during the term and (2) reserved its decision thereon until the next term and therefore retained jurisdiction over the judgment.

Defendant denies the first contention and the legal conclusion with respect to jurisdiction contained in the second. Touching the first point we turn to the record. The journal entry recites that when plaintiff's motion to modify the judgment came on for hearing:

". . . defendants by and through their attorney of record *object to hearing of said motion on its merits* on the grounds and for the reason that said motion had not been filed of record the requisite period of five days and

three days' notice thereafter given to defendants and constituted a violation of court rules numbered 19 and 20." (Our italics.)

The journal entry further discloses the court heard plaintiff's motion and defendant's objection to a hearing thereon and concluded as follows:

"THEREFORE, IT IS BY THE COURT CONSIDERED, ORDERED AND ADJUDGED, that defendants' oral objection *to hearing plaintiff's motion to modify on its merits, at this time,* be and the same *is hereby sustained;* that the hearing of said motion *on its merits* be and the same is hereby continued to March 30, 1953, at the hour of 10:00 o'clock a. m. of said day. . . ." (Our italics.)

In the light of the record we are obliged to conclude the court did not consider the merits of plaintiff's motion during the term the judgment was rendered but undertook to continue the hearing on its merits until the next term.

Plaintiff's motion was not predicated upon any of the grounds enumerated in G. S. 1949, 60-3007 which specifies the various grounds on which a judgment or order may be vacated or modified after the term in which it is rendered. Plaintiff's motion, therefore, was one which rested in the discretion of the trial court, during the term, in which it was rendered. The court refused to rule on it during that term for the reason previously stated.

Plaintiff could have filed and presented his motion to modify the judgment, at any time within the term, in which it was rendered, notwithstanding plaintiff had appealed from the judgment. (*State v. Langmade,* 101 Kan. 814, 168 Pac. 847; *State v. Bowser,* 154 Kan. 427, 118 P. 2d 1055; *In re Estate of Ellis,* 168 Kan. 11, 210 P. 2d 417.) Nevertheless no motion to modify the judgment was filed until over three months after its rendition. Plaintiff concedes the ruling on his motion was discretionary with the court. We need, therefore, not review any of the statutes pertaining to hearing of motions, after notice, such as G. S. 1949, 60-2932.

Under the circumstances here presented this court shall not say the district court abused its discretion in refusing to rule on the motion within the term and we do not understand that plaintiff contends it did.

In support of plaintiff's contention the court retained jurisdiction in succeeding terms to vacate or modify its judgment, he cites *Hardware Co. v. Farmers' Bank,* 50 Kan. 648, 32 Pac. 377; *Mulcahy v. City of Moline,* 101 Kan. 532, 171 Pac. 597; *State v. Luft,* 104 Kan. 353, 179 Pac. 553; *State v. Bowser,* 154 Kan. 427, 118 P. 2d 1055.

The first of the above cited cases is not controlling in this case. The real issue there pertained to the necessary notice of hearing on a motion during the following term of court. The next three cases were not overlooked by this court in the rather recent case of *Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887, to which further reference will be made presently. We pause, however, to make brief reference to those three cases. In the Mulcahy case the motion to set aside an order sustaining a demurrer to a petition was filed and allowed during the same term. In *State v. Luft* the order modified during the subsequent term, on motion filed during the term judgment was rendered, was a ruling on a motion for a new trial. Under the civil code, involved in the instant case, the vacation or modification of a ruling on a motion for a new trial, during a subsequent term, is expressly authorized by G. S. 1949, 60-3007, within the time and in the manner prescribed in that code. The issue in the Bowser case, *supra,* was only whether the district court, by reason of an appeal from a judgment based on a plea of guilty, was divested of jurisdiction, during the term the judgment was rendered, to rule on a motion to set aside the plea of guilty. We held it was not divested of such power during the term. Plaintiff quotes from the opinion in the Bowser case relative to the continuing jurisdiction of the district court in a subsequent term. The quotation from the Bowser opinion is taken from *State v. Luft,* supra. We have already indicated herein the ruling modified in a subsequent term in the Luft case was on a motion for new trial. That is not this case.

Pointedly stated, plaintiff's contention is the district court acted on his motion during the term. That is precisely what it did not do. It neither allowed nor denied the motion. In fact, it actually refused to hear the motion on its merits at all during the term. Having refused to hear the motion on its merits the judgment remained a finality throughout the term of its rendition. It remained precisely as final and conclusive during that term as it would have if plaintiff had filed no motion, during the term, to vacate or modify it.

Under the foregoing state of facts the question presently confronting us is not what the effect on the court's later jurisdiction would have been had it considered the motion on its merits during the term, taken it under advisement, and attempted to hold the decision in its bosom. We express no views on the proper decision

if those had been the facts. We merely say such a case is not before us.

In *Hoffman v. Hoffman,* supra, this court made an extensive review of many of our decisions involving the right to vacate or modify orders or judgments during a term subsequent to their rendition. We need not again narrate the facts in the numerous cases therein reviewed. We are aware of no subsequent decision and none is cited which conflicts with what was said in that opinion. In that case no action was taken by the court, during the term judgment was rendered, on any of the motions filed, during that term, to modify the judgment. We said:

"What then must our decision be in the instant case with respect to the attempt of the trial court to modify the judgment rendered at the February, 1942, term? In view of our decisions we believe there can be but one answer. It may be stated thus: When a final judgment is rendered at one term of court, motions to modify and vacate that judgment when filed at that term are addressed to the sound discretion of the trial court. If they are not acted upon at that term they are deemed to be overruled and their pendency does not confer jurisdiction on the court to modify or vacate the judgment at a subsequent term. In the event the trial court, as it did in the instant case, attempts to modify its judgment at a subsequent term, irrespective of whether it acts on motions filed or on its own initiative, such attempted action is void. The original judgment as rendered retains its validity and is not affected by such subsequent action." (p. 659.)

See, also, *Smith v. Kansas Transport Co.,* 172 Kan. 26, 29, 238 P. 2d 553.

On the basis of the record before us the order vacating the former judgment in favor of the defendant and granting plaintiff additional time to plead cannot be sustained.

The order is reversed.