No. 39,409

WALDO E. BARSTOW, *Appellant* and *Cross-appellee*, v. JOE ELMORE, d/b/a Joe Elmore Chevrolet Company, *Appellee* and *Cross-appellant*.

(276 P. 2d 360)

Opinion filed November 13, 1954.

*Vincent G. Fleming,* of Larned, argued the cause, and *Glee S. Smith,* of Larned, was with him on the briefs for the appellant and cross-appellee.

*John A. Etling* and *W. N. Beezley,* both of Kinsley, were on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

WEDELL, J.: This was an action by a purchaser to rescind the sale of a motor vehicle by a licensed automobile dealer and to recover the purchase price.

Both parties appeal from certain rulings. For purposes of clarity

we shall continue to refer to them as plaintiff and defendant. The plaintiff was Waldo E. Barstow and the defendant Joe Elmore, doing business as the Joe Elmore Chevrolet Company.

The action was tried by the court without a jury. Judgment was for plaintiff. Defendant timely filed a motion for new trial. The motion for new trial was not argued or ruled on for approximately five and one-half months and after the term in which judgment was rendered. The motion, among other grounds, specified erroneous rulings of the court, the judgment was contrary to law and the judgment was contrary to the evidence. Before two months had expired from the rendition of judgment, defendant appealed from the judgment and other rulings including the overruling of his demurrer to plaintiff's evidence. While defendant's appeal was pending in the Supreme Court, plaintiff perfected an independent appeal from the order granting defendant a new trial. Defendant thereafter cross-appealed from various orders including the overruling of his demurrer to plaintiff's evidence. Later defendant's original appeal in the Supreme Court in case No. 39,310 was dismissed for failure to file abstract and brief in that case in compliance with rule 8 of this court.

Plaintiff contends the district court erred in granting a new trial and that this court should examine the record and direct judgment in his favor. Defendant asserts the district court properly sustained his motion for a new trial but argues his demurrer should have been sustained.

We shall first consider plaintiff's contention a district court lacks jurisdiction to grant a new trial after the term of court has expired in which a judgment is rendered and while an appeal is pending in the Supreme Court.

The portions of G. S. 1949, 60-3007 pertaining to a motion for a new trial read:

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

"*First.* By granting a new trial for the cause, within the time and in the manner prescribed in this code.

"*Second.* By a new trial granted in proceedings against defendants constructively summoned."

Only the first provision is applicable here. It may be well at the outset to emphasize we are not concerned presently with the time or method of modifying or vacating a judgment upon any of

the other numerous grounds specified in the above statute. That subject was discussed at length in *Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887. What was therein said need not be repeated here. Our consideration is directed solely to the time for ruling on a motion for new trial.

Absent certain exceptions designated in the statute, a party desiring a new trial is required to file his motion therefor within three days after the verdict or decision is rendered. (G. S. 1949, 60-3003.) In the event judgment is rendered on the last day of a term, the motion, of course, can be filed during the next term of court, provided it is filed within the statutory period. Obviously this will not only permit but will require a ruling thereon during some succeeding term. It long has been the rule in this state that when a motion is made within the time fixed by the court, it may be passed over to a subsequent term of the court without the loss of jurisdiction. (*Brenner v. Bigelow,* 8 Kan. 496; *Life Ins. Co. v. Twining,* 19 Kan. 349.) So, too, in *Armourdale State Bank v. Hoel,* 120 Kan. 130, 242 Pac. 481, it was held:

"Where a motion for a new trial has been duly filed, the jurisdiction of the court is not lost by the fact that the motion was not considered and determined until after several terms of court had passed." (Syl. ¶ 2.)

To the same effect are *State v. Luft,* 104 Kan. 353, 179 Pac. 553; *Hoffman v. Hoffman,* supra; *Buchanan v. Lambdin,* 176 Kan. 62, 66, 269 P. 2d 443.

It likewise has been held a trial court does not lose jurisdiction to grant a new trial during the term a judgment is rendered merely because an appeal is then pending in this court from an appealable order made in the course of the trial. (*O'Loughlin v. Overton,* 68 Kan. 92, 74 Pac. 604; *State v. Langmade,* 101 Kan. 814, 168 Pac. 847; *State v. Bowser,* 154 Kan. 427, 118 P. 2d 1055; *In re Estate of Ellis,* 168 Kan. 11, 210 P. 2d 417; *Buchanan v. Lambdin,* supra, p. 66.) It also was recently held the pendency of an appeal from an order overruling a demurrer to a petition did not, as a matter of law, stop or delay further proceedings in the trial court. (*Owen v. Stark,* 175 Kan. 800, 267 P. 2d 948.)

The only remaining question is whether a district court loses jurisdiction to rule on a motion for a new trial during a subsequent term by reason of the fact an appeal from some ruling of the court is pending in this court at that time. We fail to find a sound basis for concluding the pendency of an appeal during a subsequent

term, while the district court retains jurisdiction to rule on a motion for a new trial, divests it of jurisdiction when the pendency of an appeal does not have that effect during the term the judgment is rendered. The primary question remains one of jurisdiction to rule on a motion for a new trial at a subsequent term. We have held the court has such jurisdiction. We think the mere pendency of the appeal did not divest the court of jurisdiction to rule on the motion during a subsequent term.

Appellant next argues the district court could not grant a new trial for the sole purpose of reversing itself on legal questions involved. The contention, if factually correct, cannot be sustained. If a court believes it has erred, as a matter of law, in the exclusion or admission of evidence or in giving instructions to a jury, or in any other legal respect, which substantially affects the judgment rendered, it has the power to, and should, grant a new trial. This is equally true in actions tried by a court without a jury.

Appellant next contends the grounds stated by the court for granting a new trial are legally insufficient. He reminds us the court stated the grounds upon which it granted a new trial and that under such circumstances this court has held it is in as good a position to examine them and determine their legal sufficiency as the trial court, citing *Ferguson v. Kansas City Public Service Co.*, 159 Kan. 520, 156 P. 2d 869; and *Bernsden v. Johnson*, 174 Kan. 230, 255 P. 2d 1033. This court did so rule in those and in earlier cases.

We need not set forth the entire statement of the court made at the time of granting the new trial. A consideration of the first part of that statement will suffice when properly analyzed. It was:

"That the plaintiff, when he attempted to rescind, should have rescinded en toto, that is, he should have returned the truck, turned over the keys, the certificate of title, and demanded the return of his money."

We think that is a reasonably fair statement of the ordinary rule pertaining to rescission. Critical analysis of the record indicates that is one of the legal principles with respect to which the court may have changed its mind after the action was tried and that it was at least one of the reasons for granting a new trial. A careful review of the court's comments on the evidence during the course of the trial and a comparison of those remarks with the above quoted statement also indicate the court may have altered its views after the trial relative to the substance of some of the testimony. The record reveals the court obtained and examined portions of the transcript before it ruled on the motion for a new trial.

It should be noted the above quoted statement is not a mere statement of law on the subject of rescission, as plaintiff contends. It pertains also to facts and implies plaintiff did not do the things necessary to entitle him to rescission. The court, however, previously had overruled defendant's demurrer to plaintiff's evidence. From whose evidence did the court reach the decision reflected in the above quoted statement? That decision was not reached until after the court had heard defendant's testimony. The conclusion it reached after the trial was completed required the weighing of evidence and the resolving of conflicts therein. Reference to a few examples of conflict in the testimony will suffice. Plaintiff testified he offered defendant the assigned certificate of title to the truck but that defendant refused to take it. Defendant squarely denied plaintiff had offered it to him. Plaintiff testified defendant agreed to accept a return of the truck if plaintiff met designated demands; that he offered to comply with each of them, but defendant then refused to accept them. The defendant denied plaintiff made such offers. Plaintiff now asks this court to examine all the testimony of both parties, to resolve the conflicts therein, and to restore the original judgment rendered in his favor. This court does not perform that function on appeal from an order granting a new trial. The question here is whether we can say, purely as a matter of law, that the court erred in granting a new trial. We think we cannot.

We now reach defendant's cross-appeal. He, of course, admits the court properly granted him a new trial but argues the court erred in overruling his demurrer to plaintiff's evidence. We already have indicated the previously quoted statement of the court was not made at the conclusion of the introduction of plaintiff's evidence, but after hearing the testimony of both parties. In addition to portions of plaintiff's evidence previously mentioned, there was his testimony on the point which actually occasioned this lawsuit. He testified defendant guaranteed he would provide a title which showed the truck to be a new 1951 model and that defendant failed to do so. This evidence the demurrer, of course, also admitted. It is unnecessary to review the record further.

The question whether a defendant may maintain an appeal from an order overruling his demurrer when he later succeeds in obtaining a new trial pursuant to his own motion and after his own original appeal from the ruling on the demurrer has been dismissed, by reason of his failure to comply with rule 8 of this court, has not been raised. Assuming he may do so, we think plaintiff's evidence was sufficient to withstand the demurrer.

We have not overlooked the decisions cited by the parties in support of the issues involved in the appeal. In our opinion they do not require a reversal of the district court's rulings.

It follows the orders overruling defendant's demurrer and granting him a new trial are affirmed. It is so ordered.